### Thomas Evans, plaintiff in error v. Sterling H. Gee.

A bill of exchange was drawn in Alabama by a citizen of that state, in favour of another citizen of Alabama, on a person at Mobile, who was also a citizen of that state. It was, before presentation, endorsed in blank by the payee, and became, bona fide, by delivery to him, the property of a citizen of North Carolina; and, by endorsement subsequently made upon it, by the attorney of the endorsee, the blank endorsement was converted into a full endorsement, by writing the words, pay to Sterling H. Gee, the plaintiff, over the endorser's name. The bill was protested for non-acceptance, and a suit was instituted on it, before the day of payment, against the endorser, in the district court of the United States for the district of Alabama. The district court rejected evidence offered by the defendant to show that the bill was given by him to the partner of the plaintiff, a resident in Alabama, for property owned by him and the plaintiff, they being copartners; that the endorsement, when given, was in blank, and that the drawer and drawee of the bill are also citizens of Alabama. The district court also rejected the evidence, instructing the jury that the endorsement in blank, authorized the plaintiff to fill it up as had been done; and that the plaintiff was, under the law of Alabama, entitled to recover ten per cent. damages, the bill not having been accepted. Held, that there was no error in the instructions of the district court. Evidence to show that the original parties to the bill of exchange were citizens of the same state, if offered to affect the jurisdiction of the court, is inadmissible under the general issue; a plea to the jurisdiction should have been put in.

The rule was established by this Court in Young v. Bryan, 6 Wheat. 146, that the circuit court of the United States has jurisdiction of a suit brought by the endorsee of a promissory note, who was a citizen of one state, against the endorser, who was a citizen of a different state, whether a suit could be brought in that court by the endorsee against the maker, or not.

The bona fide holder of a bill of exchange has a right to write over a blank endorsement directing to whom the bill shall be paid, at any time before or after the institution of a suit. This is the settled doctrine in the English and American courts; and the holder, by writing such direction over a blank endorsement ordering the money to be paid to a particular person, does not become an endorser.

A suit may be brought against the drawer and endorser of a bill of exchange, on its non-acceptance. The undertaking of the drawer and endorser is, that the drawer will accept and pay; and the liability of the drawer only attaches, when the drawee refuses to accept, or having accepted, fails to pay. A refusal to accept is then a breach of the contract, upon the happening of which a right of action instantly accrues to the payee, to recover from the drawee the value expressed in the bill; that being the consideration the payee gave for it. Such also, is the undertaking of an endorser before the bill has been presented for acceptance, he being, in fact, a new drawer of the same bill upon the terms expressed on the face of it.

It was urged that the transcript of the record from the district court, showed that a general demurrer had been filed, which had not been disposed of; that a nonsuit had been taken by the defendant in the district court, and that a motion to set it

aside had been overruled; that the case had been submitted to the jury without an issue between the parties, and that the verdict had been returned by eleven, instead of twelve jurors. On these alleged grounds, it was claimed that the judgment of the district court should be reversed. By the Court: whatever might have been the original imperfections, if not waived expressly, they were so by the defendant going to trial upon the merits; and thus they cannot constitute an objection to the judgment on a writ of error.

ERROR from the district court of the United States, for the southern district of Alabama.

The defendant in error, Sterling H. Gee, a citizen of the state of North Carolina, instituted an action of assumpsit in the district court, against Thomas Evans, a citizen of the state of Georgia. The action was founded on a bill of exchange drawn by Harris Smith, in Wilcox county, in the state of Alabama, December 16, 1834, on George M. Rives, at twelve months after date, payable to the order of Thomas Evans, and by him endorsed in blank. The bill was regularly protested for non-acceptance, and the suit was brought without waiting for the arrival of the day of payment. The cause was tried at May term, 1836.

The defendant excepted to the opinion of the court, and a verdict and judgment having been given for the plaintiff, the defendant prosecuted this writ of error.

The record showed, that at May term, 1835, the defendant filed a demurrer to the plaintiff's declaration, which was in the common form; and that at the December term of the court following, "the plaintiff takes nonsuit;" upon which the court entered a judgment of nonsuit, and immediately after, on motion, the judgment of nonsuit was set aside.

At the following May term, no other pleadings having been filed, the case was tried by a jury, and a verdict, under the instructions of the court, was given in favour of the plaintiff, for the whole amount claimed by him, on which the court entered a judgment, according to the verdict.

The bill of exceptions stated, that the bill being relied on by the plaintiff to sustain his action, together with proof of protest for non-acceptance and notice to the drawer and endorser of the protest for non-acceptance; the defendant offered to prove by way of defence against the said evidence, that the said bill was given by the said defendant to Charles J. Gee, for property purchased by him; that

the property belonged jointly to Charles J. Gee, and Sterling H. Gee, the plaintiff; that they then were, and continued to be, and now are, general copartners; that when the endorsement was made on the bill, it was endorsed in blank, and that the said endorsement has been filled up by the plaintiff's counsel, since this suit was commenced; that Charles J. Gee resides in this state, and did when the suit was brought, and is a citizen of the state of Alabama; and that the defendant, and H. S. Evans, and George M. Rives, are also, and were citizens of this state. This evidence the court rejected, on the ground that the endorsement having been made and given in blank, the plaintiff was authorized to fill it up as above shown; and that the facts above set forth could constitute no defence, and were not proper evidence. The court further instructed the jury, that the bill being drawn in this state, and on a person residing in this state, and made payable in this state, that upon non-acceptance and notice, the endorser was liable for ten per cent. damages on the amount of the bill for want of acceptance therefor.

The case was argued by Mr. Key, for the plaintiff in error, and by Mr Ogden, for the defendant.

Mr. Justice WAYNE delivered the opinion of the Court.

This action is brought upon a bill of exchange of which the following is a copy.

$5350                          WILCOX COUNTY, Dec. 16, 1834.

Twelve months after date of this, my sole and only bill of same tenor and date, pay to the order of Thomas Evans, five thousand three hundred and fifty dollars; negotiable and payable at the office of discount and deposite branch bank of the United States at Mobile, for value received, this, the 16th day of December, 1834.

H. SMITH EVANS.

To GEORGE M. RIVES, *Mobile.*

The plaintiff in error, the payee of the bill, endorsed the same in blank, and the defendant in error became the bona fide holder of it by delivery; though the endorsement in blank was at the time of delivery to the holder, by himself, and subsequently by his attorney, converted into a full endorsement; the words, *pay to Sterling H. Gee,* having been written over the endorser's name. Upon the trial of the cause in the court below, the bill, with proof of protest for

[Evans v. Gee.]

non-acceptance and notice to the drawer and endorser of the protest, was given in evidence. To resist a recovery, "the defendant offered to prove that the bill was given by him to Charles Gee, for property purchased by himself; that the property belonged jointly to Charles J. Gee, and Sterling H. Gee, the plaintiff; that they then were, and continue to be, and now are, general copartners; that when the endorsement was made, it was in blank, and that the said endorsement has been filled up by the plaintiff's counsel since the suit had been commenced; that Charles J. Gee resides in this state, and did when the suit was brought, and is a citizen of the state of Alabama; and that H. Smith Evans, and George M. Rives, the drawer and drawee of the bill, are also, and were citizens of the state." The court rejected this evidence, stating, "that the endorsement having been made, and given in blank, the plaintiff was authorized to fill it up, as had been done; and that the facts set forth could constitute no defence, and were not proper evidence; the court further instructed the jury, that the bill being drawn in this state, by a person residing in the state, and made payable in the state, upon non-acceptance and notice, the endorser was liable for ten per cent. damages on the amount of the bill, for non-acceptance.

We consider the court was right in rejecting the evidence, and in instructing the jury as to the liability of the endorser for damages.

If by the evidence proposed it was intended to deny the jurisdiction of the court, on account of the citizenship of the parties to the action, that being averred on the record, a plea to the jurisdiction should have been filed, and such evidence was inadmissible under the general issue. If it was intended to apply to the jurisdiction on account of the original parties to the bill having been citizens of the same state, when the bill was drawn, then the rule laid down by this court in Turner Adms. v. Bank of North America, 4 Dall. 8. which was a suit by the endorsee of a promissory note against the drawer, does not apply to the parties in this case; but the rule established in Young v. Bryan et al. 6 Wheat. 146, does apply: which was that the circuit court has jurisdiction of a suit brought by the endorsee of a promissory note, who was a citizen of one state, against the endorser who is a citizen of a different state; whether a suit could be brought in that court by the endorsee against the maker or not. This is a case of an endorsee of one state, suing an endorser of a different state. If the evidence was intended to resist a recovery upon the merits, on account of the interest which another copartner

[Evans v. Gee.]

or other person had in the consideration for which the bill was endorsed: we observe, the plaintiff being the bona fide holder of it, such a fact could not be inquired into in an action on the bill, as it would import a different bargain and agreement from the tenor of the bill and endorsement when the bill was given or transferred; and a copartner's interest could only be inquired into in a suit in equity between the copartners for its recovery.

As regards the right of a bona fide holder of a bill to write over a blank endorsement, to whom the bill shall be paid, at any time before or after the institution of a suit against the endorser: it has long been the settled doctrine in the English and American courts; and the holder by writing such direction over a blank endorsement, ordering the money to be paid to particular persons, does not become an endorser. Eden v. East India Company, 2 Burr. 1216; Com. 311; Str. 557; Vincent v. Halock, 1 Camp. 6; Smith v. Clark, Peake, 225.

But it was urged in argument that this suit could not be maintained, because it appears by the record that the action was brought before the expiration of the time limited by the bill for its payment. The law is otherwise upon reason and authority. The undertaking of the drawer is not that he will pay the bill, but that the drawee will accept and pay; and the liability of the drawer only attaches, when the drawee refuses to accept; or having accepted, fails to pay. A refusal to accept is then a breach of the contract, upon the happening of which a right of action instantly accrues to the payee to recover from the drawer the value expressed in the bill, that being the consideration which the payee gave for it. Such is also the undertaking of an endorser before the bill has been presented for acceptance, he being in fact a new drawer of the same bill upon the terms expressed on the face of it. The case of an endorser is not distinguishable from that of a drawer in regard to such liability. Ballingals v. Gloster, 3 East, 481; Milford v. Mayer, Dougl. 55; Mason & Smedes v. Franklin, 3 Johns. 202.

As to the damages which the court ruled the endorser in this case to be liable for, we need only say the statute of Alabama gives them, and applies directly to the case. Aiken's Alabama Digest, 328, sec. 5. "Every bill of exchange, of the sum of twenty dollars and upwards, drawn in, or dated at, and from any place in this territory, and payable at a certain number of days, weeks, or months after date or sight thereof; shall, in case of non-acceptance by the

[Evans v. Gee.]

drawee, when presented for acceptance; or if accepted in case of non-payment by the drawee, when due and presented for payment, be protested by a notary public, in like manner as foreign bills of exchange, and the damages on such bill shall be ten per cent. on the sum drawn for, and shall in every other respect be regulated and governed by the same laws, customs, and usages, which regulate and govern foreign bills of exchange. Provided, that such protest shall for want or in default of a notary public, be made by any justice of the peace, whose act in such case, shall have the same effect as if done by a notary public."

The counsel for the plaintiff in error, also contended for the reversal of the judgment, on the ground of sundry irregularities in the progress of the cause in the court below, apparent on the record. Such as that a general demurrer had been filed, and had not been disposed of; that a nonsuit had been taken by the plaintiff in error, and that a motion to set it aside had been overruled; that the case had been submitted to a jury, without an issue between the parties; and, finally, that the verdict, if an issue was made, had been returned by eleven, instead of twelve jurors. These irregularities, whatever might have been their original imperfections, if not waived, were, in our opinion, waived by the defendant going to trial upon the merits, and cannot now constitute any objection upon the present writ of error. For a writ of error does not bring up for review any irregularities of this sort.

Judgment affirmed, with six-per cent. damages.


This cause came on to be heard on the transcript of the record from the district court of the United States, for the southern district of Alabama, and was argued by counsel. On consideration whereof, it is ordered and adjudged by this Court, that the judgment of the said district court in this cause be, and the same is hereby affirmed, with costs and damages at the rate of six per centum per annnm.