Spring Term
1839.

Clagget
vs
Blanchard.

---

## Clagget *vs.* Blanchard.

[Messrs. Fry & Page for plaintiff: Mr. Pirtle for defendant.]

FROM THE CIRCUIT COURT FOR JEFFERSON COUNTY.

Judge MARSHALL delivered the Opinion of the Court.

BLANCHARD sued out a warrant from a Justice of the Peace, against Clagget and Kimmel, to answer "in a plea of debt for fifty dollars, due by acceptance for hardware." The warrant having been executed on Clagget, and returned as to Kimmel 'not found,' the Justice rendered judgment against the 'defendants,' for fifty dollars

APPEAL
*from a J. P.*

*April 22.*

The proceedings on the warrant, and on the appeal, and questions.

Spring Term
1839.

Clagget
vs
Blanchard.

debt, and one dollar the cost; from which Clagget ap-
pealed to the Circuit Court; and in that Court, the jury
having found a verdict for the plaintiff for fifty four
dollars and fifty cents, a judgment was rendered
against the 'defendant' for that sum with costs.  To re-
verse which judgment, Clagget prosecutes this writ of
error.

As the record does not contain the evidence nor any
history of the trial, and as it is clear that a case might
have been made out in proof, which would have author-
ized a recovery to any amount of which the Court had
jurisdiction in this proceeding—the only questions
which we consider as properly arising on the record and
assignment of errors, are—first : whether the Court
erred in rendering judgment against Clagget alone when
the judgment of the magistrate purports to be against
the defendants; and second—whether the Court had ju-
risdiction to render judgment for more than fifty dollars,
in this proceeding.

'One or more of
several persons
against whom a
J. P. has render-
ed a judg't, may
appeal, with the
same effect as
though all had u-
nited in the ap-
peal; and though
the statute is,
that judg't may
be rendered be-
tween all those
who were parties
to the judgment
of the justice, it
should not be so
construed as to
authorize the Cir
cuit Court to pro
ceed against a
party who has
not appeared, nor
been cited to ap-
pear, either be-
fore the justice,
or in that court.
There is no law
to summons a par
ty in the Circuit
Court, on an ap-
peal from a J. P.,
who was neither
summoned, nor
appeared, before
him.

*First.* The first of these questions is made under the
third section of the act of 1831, regulating appeals from
justices, (1 *Stat. Law,* 904,) which provides that one or
more of several persons against whom a judgment is
rendered by a justice, may appeal; that such appeal by
one, shall place the cause for trial in the Court of Ap-
peals, as fully as if taken by all, and that such Court
shall, in all respects, proceed therein, " and render judg-
ment between all those who were parties to the judg-
ment of the justice."

We consider it entirely certain, that the Legislature
did not intend to require or authorize the Circuit Court,
upon an appeal by one defendant who had been served
with the justice's warrant, to try the case and give judg-
ment against another, who had neither been served with
the warrant, nor appeared before the justice, nor united
in the appeal, nor appeared in the Circuit Court, nor
been summoned to do so; and neither this, nor any
other statute, nor any known practice, authorizes that
Court to issue a summons or other process against a per-
son thus situated.  It would seem, therefore, that he
should not be considered as a party to the appeal in the

Circuit Court, so as to authorize a judgment in that Court, against him, even if he had been named as one of the defendants against whom the judgment of the justice was intended to be rendered.

A judg't of a J. P. against a party on whom the warrant was not served, and who did not appear, is *void;* but he may appeal, & reverse it, without subjecting himself to a valid judg't in the Circ't Court.

If the judgment of the justice is to be construed as including him, it was void as to him. And although he might have made himself a party to it, or have entitled himself to be so considered, by appealing to a higher tribunal for its reversal, it would not follow that this statute intends to fix upon him the character of a party for the purpose of subjecting him to another judgment, in a proceeding of which he has no notice. And we think the statute should not be so understood. The whole judgment was brought before the Circuit Court by the appeal; but the case was to be tried between the parties, as it might have been by the justice. And if it be admitted that the Court might have entered an abatement as to Kimmel, or should have expressly excepted him from the judgment, or reversed the judgment of the magistrate as to him, all this may be considered as in effect done by the judgment as rendered; and if it were not, we do not see that Clagget could complain of the omission.

But if all these conclusions be incorrect, still as the word *'defendant'* used in the judgment of the Circuit Court, has been adjudged to be a collective word, which may embrace and should be understood to embrace, all the defendants, who, as the record showed, might and should be embraced in the judgment, it would follow that if, by virtue of the statute and of the appeal of Clagget, Kimmel is to be considered as a party to the trial in the Circuit Court, and subject to the judgment therein to be rendered, he should also be considered as embraced in the judgment against *"the defendant."* And thus the ground of this alleged error would be entirely removed.

The word *'deft.'* in a judg't, embraces all those who, by the record, are liable to the judg't.

*Second.* As to the question of jurisdiction: the warrant shows a demand in its nature and amount certainly *fifty* dollars 'due by acceptance for hardware,' the jury might give damages for the detention of the debt; and the verdict being for fifty four dollars and fifty cents, it is presumed that the excess was for interest: not that the original demand exceeded the justice's jurisdiction, or that a different one was proved on the trial of the appeal.

Upon the trial of an appeal from a J. P. where the warrant was for

within the jurisdiction of the justice, and the Circuit Court had jurisdiction by the appeal, to try and render judgment for the same demand, as if the case had originated in that Court, except that a declaration and other pleadings are dispensed with. And as the jury, in a case like this, originating in the Circuit Court, might undoubtedly find damages for the detention of the principal sum, we feel bound to presume, in the absence of any statement of the evidence, that the small excess in their verdict beyond the fifty dollars demanded in the warrant, was given on this ground, and not as the value of the contract itself, or of the act or thing contracted to be done. This excess, therefore, cannot be considered as tending to show that the real cause of action was not within the jurisdiction of the justice, or that a different cause of action was tried in the Circuit Court, or that that Court had not jurisdiction to render the judgment complained of.

If the verdict had been for fifty dollars, the sum demanded in the warrant, and four dollars and fifty cents damages for the detention thereof, there could have been no difficulty as to the jurisdiction of the Court. So that indulging, as we must do, all reasonable presumptions in favor of the judgment, the objection resolves itself into a question as to the form and effect of the verdict. And the verdict being substantially good, and such as we must presume was authorized by the evidence, the judgment is therefore affirmed.