Nov. Term, 1840.

STEWART *v.* HENRY and Another.

STEWART
v.
HENRY.

Leave was obtained to amend a plea to a new assignment; the cause tried on the general issue, &c. *Held,* that the plea to the new assignment must be presumed to have been withdrawn.

By the appearance of the parties to a suit, their going to trial, &c., a previous judgment in the cause is vacated, and any objection arising from the want of a continuance at a former term is waived.

The general issue in trespass *quare clausum fregit,* notwithstanding a subsequent new assignment, continues to be an answer to the whole cause of action.

If the judgment for the plaintiff in such suit, on the plea of not guilty, be for less than five dollars, *with full costs,* it will be presumed, the record not showing the contrary, that the title to the land came in question on the trial.

ERROR to the *Warren* Circuit Court.

BLACKFORD, J.—Trespass *quare clausum fregit* against *Stewart.* The declaration was filed in *June,* 1836, and contained only a general description of the close. Two pleas; 1. Liberum tenementum; 2. Not guilty. In answer to the first plea, the plaintiff filed a new assignment. In *January,* 1837, the defendant pleaded to the new assignment. At the *October* term, 1837, the plea to the new assignment was demurred to, and the demurrer sustained. At the same term, the defendant withdrew his joinder in demurrer, and obtained leave to amend his plea to the new assignment. There was also at that term a judgment, with the defendant's consent, in favour of the plaintiff for one cent damages with costs. The parties appeared at the *October* term, 1838, and the cause was continued by agreement of the parties, at the defendant's costs. At the *March* term, 1839, the cause was continued. At the *September* term following, the parties appeared, a jury was sworn to try the issue, and a verdict and judgment were rendered in favour of the plaintiffs, for three dollars and 62 cents.

The defendant assigns for error, that continuances of the cause were not entered at the *March* terms in 1837 and 1838; and that a judgment was rendered at the *October* term, 1837. But as both parties subsequently appeared and went to trial without objection, the former judgment was thereby vacated, and the objection, whatever it may have been, re-

*Monday,
November 30.*

Nov. Term, 1840.

specting the want of continuances, was waived. See *Evans* v. *Gee*, 11 Peters, 80.

It is also assigned for error, that there was no issue on the plea to the new assignment. It appears, however, that the defendant asked and obtained leave to amend that plea; and that is the last we hear of it. It must therefore be presumed that the plea to the new assignment was withdrawn.

The general issue was on file. That plea, notwithstanding the subsequent new assignment, continued to be an answer to the whole cause of action, because the new assignment was only a more particular statement of the cause of action on which the plaintiff had originally declared. 1 Chitt. Pl. 677.

It is also assigned for error, that full costs are given to the plaintiff though the judgment was for less than five dollars. If the title to real estate came in question on the trial, the objection fails. Rev. Stat. 1838, p. 461. The action was tried on the plea of not guilty, and the record does not inform us whether the title to the land came in question or not. As the Court gave full costs, we must presume in favour of the judgment that the title was brought in question. It may have been the subject of controversy on the plea of not guilty. *Dodd* v. *Kyffin*, 7 T. R. 350.—*Argent* v. *Durrant*, 8 T. R. 403.

*Per Curiam.*—The judgment is affirmed, with 10 *per cent.* damages and costs.

R. A. *Chandler* and R. A. *Lockwood*, for the plaintiff.
H. S. *Lane* and D. *Mace*, for the defendants.