*W. A. Bickle*, for the appellant.

*O. P. Morton*, for the appellee.

- - -

GRAY and Another *v.* COOPER.

It is error to proceed to the trial of issues in fact before the jury where issues of law remained undisposed of.

*Friday,
December 8.*

APPEAL from the *Ripley* Circuit Court.

DAVISON, J.—The complaint charges that *Gray*, *Parker*, *Burr* and *Hartley*, on the 1st of *August*, 1852, at *Ripley* county, entered upon the land of *Cooper*, being the west half of the north-west quarter of section 26, township 8, range 11, and thereon then and there cut and carried away timber of the value of 300 dollars.

The answer set up the following defences:

1. A general denial of the trespasses.

2. That *Cooper* was not the owner of the land.

3. That it was owned by a person whose name was unknown.

4. That *James Muir* held the land by virtue of a title bond from one *Lineback*.

5. That the defendants cut the timber, if any was cut, by the leave and license of the said *Muir*.

*Cooper* replied to the first and second defences, and to the third, fourth and fifth he demurred. Without any action of the Court on the demurrer, the parties proceeded to trial. The jury found *Burr* and *Hartley* not guilty; but against *Gray* and *Parker* there was a verdict of guilty, and damages assessed against them, and in favor of *Cooper*, for 100 dollars. New trial refused and judgment on the verdict. *Gray* and *Cooper* appealed to this Court.

We think the Court erred, by permitting the parties to proceed to final trial without deciding the issues raised by the demurrer. The code provides "that issues of law

must be tried by the Court." 2 R. S. 1852, p. 108. This <span>Nov. Term,</span> was the rule under the old system of practice. In *Beard* <span>1854.</span> v. *Adams*, 8 Blackf. 449, it was held that "where there are <span>Lowry</span> two issues, one in law and the other in fact, the plaintiff <span>v.</span> <span>Higgins.</span> can not have final judgment until both issues are found in his favor."

But it is said that the acts of the parties virtually waived the demurrer. Nothing in the record indicates such waiver. The plaintiff was bound to present for trial all the issues in the cause. And his having failed to do so does not, of itself, show that the defendants had abandoned their demurrer. Indeed, it is the nature of a demurrer to cut off all further proceedings until it is disposed of. Stephen Pl. 43, 44.

We are, therefore, of opinion that the demurrer should have been decided before the case was submitted to the jury. *Green* v. *Dulany*, 1 Munf. 518.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. W. Gordon*, for the appellants.
*G. Holland*, for the appellee.