ANDERSON et al. v. SLOAN, Administrator.

PRACTICE — *affidavit denying execution of instrument sued on.* An affidavit accompanying a plea of *non est factum* must follow the plea so far as to deny the execution of the instrument sued on.

Where it is alleged in a declaration on an appeal bond, that defendants executed the bond by the name and style of T. G. Anderson, Edwin Scudder and A. C. Hunt, an affidavit in which it is averred that the defendants did not make their said supposed writing obligatory, signed Thomas G. Anderson, Edwin Scudder and A. C. Hunt, is not sufficient to deny the execution of the instrument.

PLEADING — *nil debet in debt on a specialty.* In an action on an appeal bond the plea of *nil debet* is bad.

SURETY IN APPEAL BOND *cannot require obligee to proceed against his principal.* In an action on an appeal bond, a plea by a surety in the bond that execution has not been sued out on the judgment from which the appeal was taken is bad.

PLEADING *in debt on appeal bond.* In an action on an appeal bond by an administrator of the obligee, a plea interposed by a surety in the bond to the effect that, if the plaintiff, as administrator, etc., has been damnified, it is because of the wrong and default of his intestate, is bad.

WAIVER OF DEMURRER *by going to trial.* If, after filing a demurrer to the declaration, a defendant proceeds to trial on the merits, he thereby waives his demurrer, and cannot object in this court that the issue thereon remains undetermined.

WAIVER OF ISSUE OF FACT *by going to trial.* And in such case the defendant cannot object that there was no issue of fact. If he appear at the trial and proceed as upon issue joined, he must abide the result.

RECORD *of defendants' appearance at trial.* Where the record recites that the defendants appeared at the trial, the presumption is that all were present who had been served with process.

PLEADING *denying execution of instrument must be verified.* If a plea denying the execution of the instrument sued on is put in without oath, the execution of the instrument need not be proved.

JUDGMENT *in action of debt — form.* In an action of debt, a judgment in the form used in actions of assumpsit is erroneous.

PRACTICE — *where error in form of judgment.* But if no error appears prior to the verdict, the cause will be remanded, with leave to plaintiff to move the court below for the proper judgment.

*Appeal from District Court, Arapahoe County.*

Mr. H. R. HUNT and Mr. ALFRED SAYRE, for appellants.

Messrs. CHARLES & ELBERT, for appellee.

BELFORD, J.  This was an action on an appeal bond, instituted in the Arapahoe district court by the appellee against the appellants.  The declaration charges that the defendants below, Thomas G. Anderson, Edwin Scudder and A. C. Hunt, under the name and style of T. G. Anderson, Edwin Scudder and A. C. Hunt, executed their certain writing obligatory, sealed with their seals, etc., and conditioned as follows : The condition of this obligation is such, that, whereas, the said John G. Sloan, etc., did, on the 26th day of April, 1868, in the district court, etc., recover a judgment against the above bounden Thomas G. Anderson, for the sum of $1,200, etc., from which said judgment the said Thomas G. Anderson, did, etc., sue out of the supreme court, etc., a writ of error, removing said cause from the district to

the supreme court, and which writ of error was to operate as a supersedeas. Now, if the above bounden Thomas G. Anderson shall duly prosecute his said writ of error, and shall pay said judgment, costs, interest and damages in case said judgment shall be affirmed, then the above obligation to be void, otherwise to remain in full force and effect. It is further averred, that the judgment was duly affirmed by the supreme court, and that Anderson has failed and refused to pay said judgment and costs, or any part thereof, according to the letter and effect of the said writing obligatory, whereby, etc., an action has accrued, etc.

To this declaration, Hunt filed several pleas. 1st. *Non est factum.* 2d. Amounting to *nil debet.* 3d. That he had signed the bond as surety, and that no execution had been issued on the original judgment by Sloan against Anderson. 4th. That if the plaintiff or his intestate has been damnified, it is owing to their own laches, etc.

Anderson filed a general demurrer, and also assigned special causes — which demurrer remained undisposed of at the time of the trial.

As to Scudder, the record shows the following plea: "And the said defendants, Edwin Scudder and Thomas G. Anderson, comes and defends the wrong and injury, when, etc., and says that the said writing obligatory in said declaration mentioned is not his deed, and of this he puts himself on the country, etc., (signed) Edwin Scudder, by Alfred and Daniel Sayre, his attorneys."

The plaintiff filed a demurrer to the second, third and fourth pleas interposed by Hunt, and also a motion to strike out the verification to the plea of *non est factum.* The demurrer and motion were sustained by the court, and this action of the court constitutes one of the errors assigned.

The verification to the plea of *non est factum* was in the following form:

The said defendant, A. C. Hunt, by way of verification to the plea by him above pleaded, being duly sworn, upon oath says: "That he and the said defendants, Thomas G. Anderson and Edwin Scudder, at the time when, etc., in

the said declaration mentioned, or at any other time, did not make their said supposed writing obligatory, signed Thomas G. Anderson, Edwin Scudder and A. C. Hunt. (Signed) A. C. Hunt, sworn and subscribed," etc.

It is evident that this verification is evasive and in no manner responsive to the allegation of the declaration. It was not charged that the writing obligatory sued on was signed Thomas G. Anderson, Edwin Scudder and A. C. Hunt. The person making this affidavit could readily swear to the statements therein contained, and when the oath was so taken, the execution of the bond set out in the declaration would remain undenied. It is equally clear that the affiant did not intend to deny the execution of the bond as charged.

The court committed no error in striking this verification from the files. *King* v. *Haines*, 23 Ill. 341.

As to the plea of *nil debet* it is clearly bad; no principle of law being better settled than that this is an improper plea to an action of debt upon a specialty or deed where it is the foundation of an action. *Sneed* v. *Wister*, 8 Wheat. 694; 6 Blatchford, 162.

The third and fourth pleas are no better. The condition of the bond is, that if the judgment be affirmed, the parties executing the obligation shall pay the judgment, damages and costs. It was not necessary that an execution should be sued out on the judgment before a right of action would accrue on the bond. As between the obligors and obligees, all the obligors are principal debtors, though, as between each other, they may have the rights and remedies resulting from the relation of principal and surety. As long as the obligee does no act varying the terms of the original contract, he has the same claim upon the sureties that he has upon the principal for the payment of the bond.

It is objected in the argument, though not specially assigned as error, that the trial below was wrong, Anderson's demurrer remaining undisposed of. We are aware that in *Gray* v. *Cooper*, 5 Ind. 506, and *Waldo* v. *Richter*, 17 id. 634, it has been held error to proceed to trial of issues of fact before the jury, where issues of law remain undis-

posed of; but we are not at liberty to follow these cases, even if we concurred in the reasons assigned in their support.

In the case of *Evans* v. *Gee*, 11 Pet. 85, this precise point was involved, and the court held that the irregularity was waived by the defendant going to trial upon the merits, and that he could not avail himself of it in the appellate court. Regarding the plea, above alluded to, as the individual plea of Scudder, the record shows that the "defendants" submitted to trial on the merits, and that the defendants made their motion for a new trial, and the judgment was rendered against the "defendants."

In the case of *Kirby* v. *Holmes*, 6 Ind. 33, it is held, that if a judgment be rendered in form against the defendants, it will be presumed to be against all of them.

The record shows that the defendants were all personally served with process, and that they appeared to the action by their attorneys, and when they submitted to a trial on the merits, we cannot do otherwise than presume that it amounted to a waiver of the demurrer on the part of Anderson.

Of course the presumption spoken of by the supreme court of Indiana would not obtain when there was no service of process or personal appearance. It must be understood as applying to cases where the word "defendants" may embrace, and should be understood to embrace, all the defendants who, as the record showed, might and should be embraced in the judgment. *Clagget* v. *Blanchard*, 8 Dana, 43; *Violet* v. *Waters*, 1 J. J. Marsh. 303.

It may be claimed, however, that, although the demurrer was waived, still there was no issue as to Anderson, and hence a mistrial. We cannot allow the defendant, after permitting the cause to proceed as though issue had been joined, to take advantage of that fact in this court.

It is claimed by the appellants that the court erred in allowing the bond to go in evidence; that there was a variance between that offered and the one declared upon. We think not. The bond was set out in the declaration *in hæc verba*. The obligation offered corresponded with that set

out.   There was no sworn plea denying the execution of the bond, and it was not necessary to furnish any proof of its execution.   *Non est factum* was the general issue at common law in actions on bonds, and its office was to put in issue the execution of the deed sued on.   It was not necessary that the plea should be verified.   In this territory the term *non est factum* is and has been applied to all pleas, answers and replies that deny the execution of a written instrument constituting the foundation of the previous pleading answered by such denial ; but such pleading has not been regarded as having the effect to put in issue the execution of any written instrument, but only its existence, unless the pleading was verified by oath.

We are clearly of the opinion that no error was committed by the court below in allowing the bond to be read in evidence.   The other assignments of error are, in our judgment, equally untenable.

The judgment, however, will have to be reversed, it being entered in assumpsit instead of debt.   But as a careful examination has failed to show any error previous to the finding of the verdict, and inasmuch as it is sufficient to sustain a judgment, we deem it unnecessary to award a *venire facias de novo*, but we reverse the judgment and remand the cause, with leave to plaintiff to move the court below for a judgment on the verdict.   And the court below is directed to enter the proper judgment.

*Reversed.*