### McNeely v. Y. & M. V. R. R. Co.

[81 South. 641, Division B, No. 20689.]

1. Pleading. *Plea in abatement. Adverse holding. Effect.*
   Where a plaintiff takes issue on a plea in abatement and it is
   found in his favor, the judgment is *quod recuperet.*

2. Same.
   Where an issue of fact joined on a plea of abatement is found in
   favor of the plaintiff, the effect of it is an admission of the
   merits of the plaintiff's claim, and the judgment is final in
   favor of plaintiff, and the jury which determined the issue should
   determine the plaintiff's damages.

3. Same.
   A party having his plea in abatement passed upon by a jury
   and found against him, is not permitted to set up the same mat-
   ter in bar, and again to go to the jury upon it.

4. Pleading. *Plea in abatement. Plea to merits.*
   Not withstanding sections 740 and 741, Code 1906 (Sections 523
   and 524, Hemingway's Code, permit the defendant to file several
   pleas in bar at the same time and to the same declaration, still
   a plea in abatement and a plea in bar cannot be pleaded to-
   gether in the same case, and when the defendant obtained
   leave of court to file a plea in abatement after having filed a
   plea in bar, this in legal effect, withdrew its plea in bar, and
   when the issue was joined and the issue determined on the
   plea in abatement the defendant's right to contest and de-
   mand of the plaintiffs so far as the right was concerned, ceased,
   except as to the question of the amount fo damages.

Appeal from the circuit court of Wilkinson county.
Hon. R. E. Jackson, Judge.

Suit by Clarence McNeely against the Yazoo & Missis-
sippi Valley Railroad Company.  From a judgment for
defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Bramlette & Bramlette,* for appellant.

The eminent trial judge erred in the trial of this case in not permitting appellant to have judgment *quod recuperet* and in not sustaining appellant's motion for judgment *quod recuperet* and for an award of a writ of inquiry to assess damages against appellee in favor of appellant after the jury had rendered a verdict in favor of appellant on the issue of fact raised by appellee's plea in abatement and appellant's replication thereto.

Appellee raised and created this issue of fact by its plea in abatement and demanded that it be tried by a jury in its effort to put appellant out of court and to have his case dismissed. That is what appellee would have done to appellant had appellee succeeded in getting the verdict on the plea in abatement, but since appellant succeeded in getting the verdict on the plea in abatement—why, that changed matters entirely. That trait of human nature so strikingly exemplified in Aesop's fable of the lawyer and the farmer and the bull and the ox is again to be recognized here.

A leading case on this question and one that has been cited and approved throughout the country was decided by this court being, *Kendrick* v. *Watkins,* 54 Miss. 495. In that case this court definitely and decisively settled this question, to quote from page 497, last paragraph: "When a defendant interposes a plea in abatement, the plaintiff must demur or reply. If he demurs, and his demurrer is sustained, judgment of respondent ouster is entered and the defendant may then plead to the merits. If the plaintiff takes, issue on the plea in abatement, and it is found in his favor he has judgment *quod recuperet,* because the defendant, having pleaded in abatement an issuable fact which has been found against him must take the consequences. But where the plea in abatement is sustained, whether on a question of law or fact, the

judgment must always be that the writ be quashed and the suit abated, because it has been improperly brought. 1 Tidd's Pract, 640-642.''

There seems to be no question about the correctness of the position taken by this court in the case cited, to quote 1 Encyclopaedia of Pleading and Practice 31: ''Judgment for plaintiff on issues of fact. Where an issue of fact joined on a plea of abatement is found in favor of the plaintiff, the effect of it is an admission of the merits of the plaintiff's claim, and the judgment is final in favor of the plaintiff, and the jury which determines the issue should determine the plaintiff's damages.''

Other states are in accord with Mississippi on this question to quote from the case of *Boston Glass Manufactory* v. *Langdon,* 24 Pick. (Mass.) 49, 35 Am. Dec. 292, in which case the plaintiff was given a peremptory instruction on the trial of the issue raised by the plea in abatement filed by defendant: ''Whether the plea conclude in abatement or bar, the issue being found against the defendant, the judgment must be peremptory. The established rule, is that in dilatory pleas, when the issue is found against the defendant on matters of fact, the judgment must be in chief; Gould's pl. 300; Howe's Pr. 215.''

The last paragraph of this opinion follows: ''The damages were properly assessed by the jury. The defendant having elected to try her case upon a plea in abatement, must submit to the legal consequences of that form of trial. Perhaps the court might have assessed the damages as in case of default. But most obviously the better course was to submit the subject to a jury. In doing this defendant could not be allowed to go into the whole defense as upon the general issue. The rule adopted at the trial was the correct one.'' *Brown* v. *Illinois Central Mut. Ins. Co.* 42 Ill. 366.

Again on the question of residence raised by a plea in abatement, in the case of *Vanderburg* v. *Clark,* 22 Vt. 185, the court held: "Where a defendant, sued in the county court of Rutland, pleaded in abatement that she was not a resident of the county of Rutland, but was a resident of Woodstock in the county of Windson, and on issue thereon joined the court found the fact that defendant was not a resident of Rutland, but did not find where she resided, and rendered judgment for defendant that the writ abate held, on appeal that this was error, as defendant had not proved the substantial allegations in the plea, and that judgment should have been rendered for the plaintiff in chief for the relief asked in the complaint." See also *Good* v. *Lehan,* 8 Cush. 302; *Lewis* v. *State,* 65 Miss. 468; *Henry* v. *Hoover,* 6 Sm. & M. (Miss.) 417-519; *Walker* v. *Walker,* 6 Howard (Miss.) 500-512; 1 Amer. & Eng. Encyc., 11; *National Acc. Co.* v. *Spiro,* 78 F. 774, 24 C. C. A. 334.

Where an issue of fact is joined on a replication to a plea in abatement, and such issue is found for the plaintiff the jury should assess the damages. *Italian-Swiss Agricultural Colony* v. *Pease,* 96 Ill. App. 45; Judgment affirmed, 194 Ill. 98, 62 N. E. 317; Paris, 104 and 105, Stephen on Pleading (Troubat's).

We therefore, ask this court for judgment *quod recuperet* and to remand this case for trial to ascertain the amount of damages appellant is to recover from appellee.

*W. F. Tucker,* for appellee.

General Order No. 18, issued April 9, 1918, by W. G. McAdoo director General of Railroads, and amendments to same, is as follows: "It is therefore ordered; that all suits against carriers while under Federal control must be brought in the county or district where

the plaintiff resides or in the county or district where the cause of action arose."

General Order No. 18, issued April 9, 1918, is hereby amended to read as follows: "It is therefore ordered; that all suits against carriers while under Federal control must be brought in the county or district where the plaintiff resides at the time of the accrual of the cause of action or in the county or district where the cause of action arose."

The appellant in his brief only argues two of his assignments of errors and we will confine our argument to those two. Judgment *quod recuperet*. After the court below had overruled appellee's motion to dismiss the case for want of venue, because the declaration alleged that the "plaintiff's place of residence is now, and always has been in the county of Wilkinson, state of Mississippi," appellee requested leave to file plea in abatement which leave was granted in order overruling the motion to dismiss for want of venue; and the plea in abatement was filed traversing the allegation as to the residence of the appellant; issue was then joined on the fact only of the residence of the appellant at the time of the accrual of the cause of action. The appellant then filed a so called replication to the plea in abatement, setting out affirmatively irrelevant matters as to when and how many times he had visited Woodville; when and where he had registered for army service; where he had filled out his questionaire; where he expected to entrain for the the army; where he belonged to the Woodmen of the World, and how it would save appellee time and money to try the cause in Wilkinson County. All good reading before a jury, but a nullity as a replication or answer to the plea in abatement and the joining of the issue. This replication was a nullity and was so treated by the court, as the issue as to residence at the time of the accrual

of the cause of action had been joined on the declaration and the plea in abatement.

The directed verdict of the jury as to the residence of the appellant settled nothing, except that the appellant resided in the town of Woodville, Wilkinson county, Mississippi, when the cause of action accrued. We believe that the jury should have passed upon the question of residence and should have decided whether the appellant resided in Woodville when he had been in the continual employment of the appellee in the state of Louisiana for two years, but the court below in its discretion forced appellee to the jury on a trial of merit.

Sections 740 and 741, Code of 1906, permits a defendant to file several pleas in abatement and several pleas in bar at the same time and to the same declaration, and this has been upheld in *Rice* v. *Patterson,* 92 Miss. 666, and it seems that section 742, Code of 1906, permits any old plea at any old time to be filed by leave of leave of court, and if a wrong or improper plea is not struck from the files on motion may be treated as a nullity on the trial. The appellee had leave of court to file the plea in abatement and it certainly was in the discretion of the court to compel the appellee to go to trial on the merits after a failure of the issue in abatement, as section 33, Code of 1906, only authorized appeals from final judgments of a circuit court. The appellant has cited numerous decisions why a judgment *quod recuperet* should have been entered against the appellee, but he fails to distinguish between the case at bar and replevin and attachment cases not controlled by said sections 740, 741 and 742, *Bennett* v. *Holloway,* 55 Miss. 211. The appellant in citing his authorities for judgment *quod recuperet* has also failed to distinguish between the case at bar and those cases wherein the defendant traversed material facts and

attempted to set up a case on merits and staked his whole case on a plea in abatement on issue or issues to the merits, either of law or fact, or where the defendant traversed material facts alleged in the declaration and attempted to set up a defense on merits in a plea in abatement and where the courts held the plea in abatement to be a plea in bar; but there is no case under the statutes of this state, and we believe no other state, except in replevin and attachment cases, where the defendant plead the general issue and plea in abatement praying the writ to be quashed and suit abate, where judgment *respondeat ouster* was not entered on the failure of such issue.

"Regular issues in abatement should be tried and disposed of before issue on the merits." "The merits of plaintiff's case are not the subject of inquiry on the trial of a plea in abatement. The only issue determinable is the matter of abatement." An issue of law raised by a plea in abatement is of course triable by the court. An issue of fact raised by such plea may be submitted to the jury, but is triable by the court if the parties agree." 1 Cyc, of Law and Procedure, (E), pages 134-135.

It is held by all authorities on pleading that "where a party has had his plea in abatement passed upon by a jury, who found against him, he will not be permitted to set up the same matter in bar, and to go to the jury again on it, for a judgment on a plea in abatement following issue joined thereon and trial is final." And: "Where an issue of fact is raised by the plea the issue is an independent one, and cannot, it has been held, be submitted to the jury for determination in connection with other issues by a general verdict." 21 Ruling Case Law, P. 541 & 543, secs. 102 & 104; *Mc-Cartee* v. *Chambers,* 22 Am. Dec. 556; *Kirven* v. *Virginia-Carolina Chem. Co.,* 145, Fed. 288.

The only issue under the plea in abatement and the only fact passed upon by the jury in the case at·bar was as to the residence of the plaintiff at the time of the accrual of the cause of action, this issue of fact found by the jury in favor of the appellant was final and so accepted by the appellee.

ETHRIDGE, J., delivered the opinion of the court.

The appellant, Clarence McNeely, brought suit under the federal Employers' Liability Act (April 22, 1908, chapter 149, 35 Stat. 65 [U. S. Comp. St. sections 8657-8665]) against the Yazoo & Mississippi Valley Railroad Company for an injury received from a train of appellee engaged in interstate commerce. Plaintiff alleged that he was a resident of Wilkinson county, Miss., and that he was employed at the time of the injury by the appellee as a section foreman, and had employees under his control engaged in repairing the main line of track of the defendant railroad company near Mt. Airy, La., and that one of the freight trains of the defendant, No. 98, struck and injured him, and that the injury was caused through the negligence of the engineer and employees of said train. Suit was brought in Wilkinson county, Miss., through which defendant's line of railroad ran. There was a plea of the general issue, and notice under the general issue that defendant would offer in evidence, and prove on the trial, that plaintiff was struck by the train, and that his injuries caused by his own negligence in going upon the railroad track in front of an approaching train without looking, at a time when he could see a mile or more in the direction in which said train was approaching, and said injuries were not cused by any negligence, or want of care or skill, on the part of the defendant, but plaintiff's injuries were caused solely by his own gross negligence. The defendant filed a motion also to dismiss the suit for want of

jurisdiction because it is alleged in said motion that the action is not brought in the county or district where the plaintiff resided at the time of the accrual of the cause of action, or in the county or district where the cause of action arose, as per General Order No. 18, issued April 9, 1918, and amended by General Order No. 18-A of the Director General of Railroads. This motion was overruled by the trial court. Thereupon by leave of court the defendant filed a plea in abatement of the action, alleging that the plaintiff resided for more than one year at the time of the accrual of his cause of action, and that his cause of action arose, in the parish of St. James or the parish of St. John the Baptist, in the state of Louisiana. This plea was sworn to by the defendant's attorney, and was replied to by the plaintiff taking issue upon the allegations of residence in the state of Louisiana, as alleged in said plea in abatement, and the issue so made up was tried before a jury on proof tendered by both parties, and the jury found in favor of plaintiff on the issue so made up. Thereupon the plaintiff moved the court for a judgment *quod recuperet,* and for a writ of inquiry to assess his damages, which motion the court overruled, to which ruling the plaintiff duly excepted. Thereupon the cause was tried on its merits, and evidence introduced for both parties and a verdict returned by the jury for he defendant from which judgment entered upon such verdict for the defendant the plaintiff appeals, and assigns for error the action of the court in refusing to render judgment *quod recuperet* and award a writ of inquiry.

In the case of *Kendrick* v. *Watkins,* 54 Miss. 495, this court held that where the plaintiff takes issue on a plea in abatement and it is found in his favor, the judgment is *quod recuperet.* The court said:

"When a defendant interposes a plea in abatement, the plaintiff must demur or reply. If he demurs, and his demurrer is sustained, judgment of *respondeat ous-*

ter is entered, and the defendant may then plead to the merits. If the plaintiff takes issue on the plea in abatement, and it is found in his favor, he has judgment *quod recuperet,* because the defendant, having pleaded \* \* \* an issuable fact which has been found against him, must take the consequences. But where the plea in abatement is sustained, whether on a question of law or fact, the judgment must always be that the writ be quashed and the suit abate, because it has been improperly brought. 1 Tidd's Pract. 640-642.''

In Encyc. Pleading & Practice, vol. 1, p. 31, the rule is stated as follows:

''Where an issue of fact joined on a plea of abatement is found in favor of the plaintiff, the effect of it is an admission of the merits of the plaintiff's claim, and the judgment is final in favor of the plaintiff, and the jury which determines the issue should determine the plaintiff's damages.''

To the same effect see Andrews' Stephen's Pleading (2d Ed.), p. 236, section 129; 31 Cyc. 187; 21 R. C. L., section 102; *Boston Glass Manufactory* v. *Langdon,* 24 Pick. (Mass.) 49, 35 Am. Dec. 292, and case noted at page 295; *McCartee* v. *Chambers,* 6 Wend. (N. Y.) 649, 22 Am. Dec. 556; *Simpson* v. *Railway Co.,* 89 Tenn. 304, 15 S. W. 735; *Meyers & Waterson* v. *Hunter Erwin & Co.,* 20 Ohio, 381, and note at page 387; *Goggin* v. *O'Donnell,* 62 Ill. 66; *Bishop* v. *Camp,* 39 Fla. 517, 22 So. 735, where the Florida court held that a plea seeking to make available the privilege accorded to a defendant by the Florida statutes of being sued in a county other than that in which the action was brought is a plea in abatement, and not a plea to the jurisdiction of the court, and that where issue has been joined on a plea in abatement (there being no other plea in the case), and the issue submitted to a jury, resulting in a verdict for the plaintiff, the court should award judgment peremptory *quod recuperet,* and not a default for

want of a plea. See, also, *Grand Chute* v. *Winegar*, 15 Wall. 355, at page 371, 21 L. Ed. 170, at page 173, where the supreme court of the United States said:

"A party having his plea in abatement passed upon by a jury, and found against him, is not permitted to set up the same matter in bar and again to go to the jury upon it."

It is insisted by the appellee that the pleadings in abatement and to the merits may be filed together, and that sections 740 and 741, Code of 1906 (sections 523 and 524, Hemingway's Code), permit the defendant to file several pleas in bar at the same time and to the same declaration, and this has been upheld by this courts in *Rice* v. *Patterson*, 92 Miss. 666, 46 So. 255, and that under section 742, Code of 1906, section 525, Hemingway's Code, "any old plea at any old time be filed by leave of court." The case cited holds that plea in abatement and plea in bar cannot be pleaded together in the same case, and in the case at bar when the defendant obtained leave of court to file a plea in abatement, it, in legal effect, withdrew its pleas in bar, and when issue was joined and issue determined on the plea in abatement the defendant's right to contest and demand of the plaintiffs, so far as the right was concerned, ceased, except as to the question of the amount of damages. The decisions of the United States supreme court are in accord with the decisions of this court upon this proposition, and there is no statute, either in Mississippi or of the federal government, which protects the defendant from the consequences of an issue of fact tried on a plea in abatement. It is held in the federal court that matters in abatement to the jurisdiction must be taken advantage of under a plea, and cannot be taken advantage of in a general answer. *Livingston* v. *Story*, 11 Pet. 351, 9 L. Ed. 746; *Evans* v. *Gee*, 11 Pet. 80, 9 L. Ed. 639.

The action of the lower court was wrong and prejudicial to the plaintiff's rights, because it led to a directly contrary result from that to which he was entitled to have result. It follows from what we have said that the judgment must be reversed, and judgment will be entered here *quod recuperet* for the plaintiff, and the cause remanded, with directions for writ of inquiry to ascertain damages.

*Reversed and remanded.*