## Yazoo & M. V. R. Co. *v.* McNeely.

[83 South. 815, In Banc. No. 21101.]

Appeal and Error. *Questions arising on trial of plea in abatement are reviewable on appeal from final judgment.*

Questions arising on the trial of the issue raised by plea in abatement are reviewable on appeal from final judgment on the merits, since an appeal from a final judgment for plaintiff brings up either the entire record in the case or so much thereof as is necessary for the decision of all questions relating thereto that are open for review by the appellate court.

Appeal from the circuit court of Wilkinson county. Hon. R. E. Jackson, Judge.

Suit by Clarence McNeely against the Yazoo & Mississippi Valley Railroad Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*W. F. Tucker, Chas. N. Burch* and *H. D. Minor,* for appellant.

*D. C. Bramlett, Jr.,* for appellee.

Smith, C. J., delivered the opinion of the court.

The appellee instituted this action to recover from the appellant damages alleged to have been sustained by him because of the appellant's negligence. A plea is abatement was interposed by the appellant, and a trial on the issue thereby raised resulted in a judgment for the appellee. The cause proceeded to a trial on the merits, resulting in a judgment exonerating the appellant, from which an appeal to this court was taken and the judgment of the court below was reversed and the cause remanded (*McNeely* v. *Y. & M. V. R. R. Co.,* 119 Miss. 897, 81 So. 641.) ; the ground of the reversal being that the judgment rendered in favor of a plaintiff on a plea in abatement should be *quod recuperet.* The cause was then remanded solely for the purpose of fixing the amount of the then appellant's damages.

The present appellant then appealed from the judgment on the issue raised by the plea in abatement, which appeal was dismissed by this court without an opinion (82 So. 338). The present appeal is from a judgment fixing the amount of the appellee's damages, and the appeal bond recites that the appeal is prayed both from the judgment on the issue raised by the plea in abatement as well as from the final judgment fixing the amount of the appellee's damages.

The cause now comes on to be heard on a motion filed by the appellee to dismiss the appeal; two of the grounds thereof being:

"(1) The judgment rendered by the circuit court on the issue created by the plea in abatement and the replication thereto and the verdict of the jury was not against appellant, and appellant was not aggrieved thereby.

"(2) This cause was determined and judgment *quod recuperet* in favor of Clarence McNeely, appellee herein, was rendered by this honorable court on June 2, 1919, and a suggestion of error filed by the Yazoo & Mississippi Valley Railroad Company, appellant herein, to said opinion of this honorable court, was overruled on June 30, 1919, which decision and judgment is *res adjudicata* of this appeal."

If the appellant is now entitled to have any of the questions growing out of the trial of the issue raised by the plea in abatement reviewed by this court, as to which we are not now called on to express an opinion, all such questions will be presented for consideration by the appeal from the final judgment; for an appeal from such a judgment brings up either the entire record in the cause or so much thereof as is necessary for the decision of all questions relating thereto that are open for review by this court. The recital in the appeal bond that it covers an appeal from the judgment on the plea in abatement was therefore unnecessary.

*Overruled.*