CRAIG, STATE AUDITOR, *v.* WINSTON COUNTY.

(Division A.   Mar. 16, 1936.)

[166 So. 402.   No. 32082.]

Lotterhos & Travis, of Jackson, for appellant.

Rodgers & Prisock, of Louisville, for appellee.

28

**Cook, J.,** delivered the opinion of the court.

This is the second appeal of this cause, which is an action by the state auditor against Winston county to recover, for the use and benefit of the state accounting department, the expense incurred in auditing the books of said county. On the first appeal there involved only the sufficiency of a special plea of res judicata and the replication thereto, and a more detailed statement of the averments of the plea and replication is necessary

to make clear our views upon one point raised on the present appeal.

As the basis of its special plea of res judicata, the county merely alleged therein that upon consideration of the account sued on, the board of supervisors, a court of competent jurisdiction of the parties and subject-matter, entered an order allowing the appellant the sum of two hundred twenty-one dollars and twenty-five cents, and that appellant accepted a county warrant for the sum so allowed in payment of said claim. The order making this allowance was not set forth either in the body of the plea or as an exhibit thereto. To this plea the appellant replied that the said order of the board of supervisors was void for the reason that (1) it failed to show and disclose the purpose for which the allowance was made, as provided by law; and (2) because it failed to specify the statute under which the allowance was made. This replication further averred that an attempt of the clerk of the board of supervisors to amend the said order, after the final adjudication of the board, by entering thereon the Code section under which the allowance was made, was unauthorized and ineffective, and that the order was not res judicata for the further reason that it did not adjudicate that the allowance of the lesser amount was in final settlement of the account due by the county. A copy of the order of the board making the allowance of two hundred twenty-one dollars and twenty-five cents was set forth in the replication.

The court below sustained a demurrer to this replication to the special plea of res judicata, and, upon the appellant declining to plead further, the cause was dismissed. On appeal this court held that the order of the board making the allowance of two hundred twenty-one dollars and twenty-five cents was void on account of its failure to set forth the statute under which it was made, and that it, therefore, furnished no basis for the plea of

res judicata, and the judgment entered in the court below dismissing the cause was reversed and the cause remanded.

Upon remand of the cause, leave having been first granted, the appellee filed a further plea in abatement of the action, alleging (1) that the state auditor was without statutory authority to maintain the suit, and (2) that the suit was prematurely brought because the said demand had not been first submitted to the governor for approval. The appellant first filed a motion to strike this plea, which was overruled, and then a demurrer thereto, which was likewise overruled; and, upon the appellant declining to plead further, the cause was again dismissed.

The first point raised by appellant is that the court erred in overruling the motion to strike the plea in abatement, which was filed by leave of the court after a plea to the merits had been by this court held to be insufficient and the cause remanded, and at a time when a plea in bar was on file. Upon the remand of the cause, the court committed no error in granting the appellee leave to plead further, and the filing of the plea in abatement was, in legal effect, a withdrawal of the plea of the general issue then on file. McNeely v. Y. & M. V. R. R. Co., 119 Miss. 897, 81 So. 641.

The next question presented is whether or not there is any statutory authority vested in the state auditor to sue the county for the expense of making a general audit of the county books and records. By sections 3747 to 3754, inclusive, of the Code of 1930, there is established a state accounting department under the direction and control of the state auditor, who is therein designated as the chief inspector and supervisor of public offices and public institutions. Section 3748, Code 1930, provides a method of accumulating a fund in the state treasury for the support of the department by requiring each board of supervisors, levee board, and public in-

stitution owned or supported in whole or in part by the state, to contribute a fixed sum for that purpose upon notice so to do from the said chief inspector; each county, board, or institution so contributing being thereafter entitled to credit for said sum upon any account for services rendered to it. By this method, and by the payment of the expenses and costs of specific audits, as hereinafter pointed out, a revolving fund is provided out of which the state auditor is required to operate the accounting department and pay the expenses of the department.

This section provides that upon completion of the work of auditing "for any state office, public institution, boards of supervisors, county officer or levee board, the said chief inspector shall render to the state officer, board of supervisors, levee board or public institution liable for such costs an itemized statement thereof as soon after the same was incurred as practicable, and the costs and expenses of the work and services under the provisions of this article so rendered by the said chief inspector shall be the actual estimated prorated cost thereof under the operation of this article, but the said chief inspector shall be the judge of the cost thereof, and in the event of a disagreement between him and the board of supervisors, public institution or levee board, the matter shall be left to the governor and the decision of the governor shall control and be final." It is therein further provided that, "all expenses and costs of inspecting and auditing the allowances and expenditures of boards of supervisors and all expenses of examining and auditing the county offices shall be paid on the said prorated estimated cost thereof, as aforesaid by the boards of supervisors of the respective counties and all of the expenses relating to the auditing and inspecting shall be paid by the respective institutions upon the completion of the work in said institutions out of the general support fund of such institution," and further that these expenses and costs "shall be paid within forty days after

the notice of the said itemized statement thereof, as hereinbefore provided, with the same damages thereon for delay in payment as hereinbefore provided, and shall be paid to the state treasurer to the credit of the said auditing department fund, as hereinbefore provided for.''

The above-quoted provisions of this section require the chief inspector, the state auditor, to make an itemized statement of the cost of inspecting and auditing the allowances and expenditures of boards of supervisors, and the cost of examining and auditing county offices, on an actual estimated prorated basis, and makes him the judge of the amount of such costs, and in the absence of any disagreement between him and the board of supervisors as to the correctness of such statement, it is made the duty of the board of supervisors to pay said amount within forty days after receipt of notice of said itemized statement. By this section, it is made the duty of the chief inspector to collect this prorated cost, and the stated damages thereon if not paid within the time prescribed therefor, and cover the same into the state treasury to the credit of the state auditing department. It is true that the section does not expressly confer on the chief inspector the power to sue the county or other board or state agency to collect this prorated cost of an examination and audit made under the provision of the act, but the power to enforce collection thereof by a suit is necessarily implied from the express imposition of the duty to collect. Consequently, we conclude that where there is no disagreement between the state auditor and the board of supervisors of a county as to the proper amount of the prorated cost of an audit of the expenditures of the board and the county books, the state auditor may maintain a suit for such cost and expenses in the event the board fails or refuses to pay the same.

In case of a disagreement between the state auditor and the board of supervisors of a county or other state agency as to the correctness of the amount of the cost

prorated to it upon completion of any audit required by the act, the said section 3748 requires that the itemized statement of such cost and expense shall be submitted to the governor, and that the decision of the governor thereon shall control and be final. As to the effect of this provision, it is the contention of the appellant that the matter of submission to the governor is a right granted to the county if it disagrees with the amount of the charge, and is not an obligation resting upon the state auditor; or, in other words, that the purpose of this provision of the statute is to give the board of supervisors or public institution, involved in any particular case, the right to appeal to the governor and submit the matter to him for his investigation and action thereon, if it is dissatisfied with the amount of the cost of an audit as fixed by the state auditor.

We do not agree with this view as to the meaning and effect of this provision. We construe this provision to require that, in case of a disagreement between the state auditor and the particular board, or public institution, as to the correct amount of the cost of an audit, the state auditor shall submit the statement of such cost to the governor for his action thereon before instituting proceedings to enforce the collection thereof. In case of such a disagreement, submission of the matter to the governor, and his action thereon, is a condition precedent to the right of the state auditor to enforce payment of the charge, and the amount finally fixed by the governor is the measure of his right of recovery.

The mere failure or refusal to pay the amount originally fixed by the state auditor, however, does not necessarily evidence a disagreement as to the proper amount of the charge. The board may admit the correctness of the charge and still fail to pay all or a part of the claim; and in the absence of any disagreement between the respective parties, the auditor may proceed to en-

force collection without submission or allegation of submission to the governor. In the case at bar the declaration merely alleged that the work was performed, the charge made, certain payments made on account, and that the county had failed and refused to pay the balance after demand therefor. The appellant was not required to negative a disagreement in his declaration, and the plea, which sought an abatement of the action on the ground that the payment sued on had not been submitted to the governor for his action thereon, does not allege any disagreement between the parties as to the amount of the charge. The record merely discloses a partial payment of the claim filed by the state auditor and a failure or refusal to pay the balance; and, therefore, the court was in error in overruling the demurrer to the plea in abatement, on the ground that the suit was prematurely brought because the demand had not been submitted to the governor by the state auditor before the institution of the suit.

The appellant next contends that under the provisions of section 548, Code 1930, a final judgment should be entered in his favor, in the event it is held that the demurrer to the plea in abatement should have been sustained. Section 548, Code 1930, provided that: "If the plaintiff demur to the plea of the defendant, and the demurrer be sustained, the judgment shall be that the defendant do answer over to the declaration; but he shall be compelled to plead to the merits, and the plaintiff shall not be delayed of his trial. And if the plea then filed be demurred to, and such demurrer be sustained, further leave to plead shall not be granted."

It is contended that when, on the former appeal, it was held that the demurrer to the replication to the special plea should have been overruled, that was equivalent in law and fact to sustaining a demurrer to the special plea, or, in other words, that the demurrer to the replication should have been extended back to the special plea, and

that, consequently, under the specific provisions of said section 548, a final judgment for the appellant should follow the ruling of this court that the demurrer to the plea in abatement should have been sustained. In the record on the first appeal, the order of the board of supervisors which constituted the basis of the plea of res judicata, and the facts admitted by demurrer which rendered the order void and ineffective as a basis of the plea, first appeared in the replication to the special plea of res judicata. Consequently, we do not deem it a proper case for the application of the rule that a demurrer to a replication to a plea may be extended back to the plea and sustained; and such was the effect of the judgment of the court on the former appeal.

The judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.