## Mullen *against* French.

A negotiable note, endorsed by several persons, was discounted for the payee by a bank: after it became due and payable a suit was brought upon it by a subsequent, against a prior, endorser: *Held*, that the possession of the note by the plaintiff was *prima facie* evidence of his having paid the money to the bank, so as to enable him to maintain his action without direct proof of payment by him to the bank.

The last endorser of a negotiable note, having possession of it, has a right of action against the maker and any of the prior endorsers, without a previous resort to the payee, for whose accommodation it had been discounted.

ERROR to the common pleas of *Warren* county.

Ahaz French against Michael Mullen. Assumpsit on a promissory note.

Mullen was the defendant in the court below, and was sued there by French, upon his endorsement of a note of 300 dollars, drawn by Daniel Infield in favour of David Medes, payable ninety days after its date, which was the 29th of October 1835, at the Chautauque County Bank, in James Town, state of New York. The note was endorsed first by Medes, the payee, and then severally by Michael Mullen, the plaintiff in error, Timothy Barnes, Ahaz French, the defendant in error, and N. A. Lowry. After being thus endorsed, it was discounted at the bank for the use of Medes, the payee. At maturity it was presented at the bank and payment thereof was demanded. It was regularly protested, at the instance of the bank, for nonpayment, and due notice thereof was given to each of the endorsers.

On the trial of the cause, the plaintiff below, having the possession of the note, produced it, and after proving the signature to it and the endorsements thereon, read it in evidence, without giving any direct proof of his having paid it to the bank. The defendant, thereupon, objected that the plaintiff was not entitled to recover, without giving, at least, some evidence showing that he had become entitled to the note by having paid the amount of it to the bank. It was also further objected by the defendant, that, supposing the plaintiff to have paid the whole amount of the note, still he could not recover from the defendant, excepting in the event of the party, for whose use the note was discounted, having become insolvent and unable to pay the whole amount, as he was bound to do, and from which a loss had arisen; and even then he could only recover from the defendant his aliquot proportion of such loss, to be ascertained by dividing it equally among all the solvent parties to the note, and making each contribute his proportion of the loss thus ascertained.

[Mullen v. French.]

*Eldred*, president, instructed the jury, that the possession of the note was *prima facie* evidence that the plaintiff had paid it to the bank; and if he had so paid it, it gave him a cause of action against each and all the prior endorsers, and directed the jury to find for the plaintiff. Verdict and judgment accordingly.

*Galbraith*, for plaintiff in error, cited 1 *Ham.* 413; 4 *Watts* 448.

*Church*, for defendant in error, cited 2 *Phil. Ev.* 17, 41; 1 *Peters' C. C. Rep.* 171; 3 *Johns. Cas.* 263; 12 *Serg. & Rawle* 42; 9 *Serg. & Rawle* 385; 3 *Wheat.* 182; 2 *Dall.* 115; 8 *Wend.* 42; 3 *Day* 12.

The opinion of the court was delivered by

KENNEDY, J.—As to the first objection we are unable to perceive any sufficient ground upon which it can be sustained; for it certainly can not be fairly presumed that the bank, having become the *bona fide* holder of the note for value, would have given it up or placed it in the possession of any of the parties liable to pay it, after it fell due, without first receiving payment of it from such party. Neither can it be disputed, that any one of the parties paying the amount of the note to the bank, would thereby have entitled himself to the reception of it; and that the bank would thereupon have been bound to have delivered the note to him. Now in the absence of all evidence, as was the case here, tending to raise the least suspicion of the plaintiff below having come to the possession of the note unfairly, he became entitled to the benefit of the presumption common to every one, which he has a right to claim for himself, of having acted honestly, until the contrary shall be made to appear. The presumption, therefore, under the circumstances of this case, that the plaintiff below had paid and taken up the note from the bank, after it became payable, was perfectly reasonable, and such as the jury was bound to make in his favour.

Then, in regard to the second objection, we think there is nothing in it. The plaintiff below, after having paid the amount of the note to the bank and taken it up, became a *bona fide* holder thereof, not only for a valuable but full consideration; and it is well settled, I take it, that the *bona fide* holder of a bill, check, or note, may, in general, maintain an action thereon against all the parties to it, whose names are to it, and who became so previously to himself. See *Chitty on Bills* 343 (New York 1830); Bishop *v.* Hayward, 4 *Term Rep.* 471. Thus the plaintiff below had a right, not only to sue the maker of the note, but each of the endorsers who became such previously to himself. The circumstance of the note having been discounted for the benefit of Medes, the payee, does not affect the right of the plaintiff, in this respect, to sue and recover the amount of the note from those who became parties to it before him; their liability to him is the same that it would have been had the note been given by the maker to the payee for value, and after-

IX.—I*

wards been passed from hand to hand, through the several endorsers, for value received by each. This question was decided at the present term in favour of the plaintiff, in the case of Youngs *v.* Ball, which see.

Judgment affirmed,