## Mitchell *versus* Fuller.

Where a draft or bill of exchange accepted was endorsed by the payee *in blank*, and was by the next holder endorsed *specially*: Held, that the first endorsement being *in blank*, the bill was afterwards transferable by mere delivery; and that a holder, by delivery, may strike out the special endorsement, and in a suit against the acceptors, may declare and recover, as the endorsee of *the payee*.

ERROR to the District Court, *Philadelphia*.

This was a suit brought by Martha Ann Fuller, executrix, &c., of Horace Fuller, deceased, against Matthew Pope Mitchell and Benjamin N. Wynkoop.

Plaintiff below filed the following, as the copy of her cause of action.

Copy of drafts on which this suit is brought:

$799.01.                         NEW YORK, April 30th, 1846.

Sixty days after date, pay to the order of ourselves, seven hundred and ninety-nine dollars and one cent, value received, which place to account of                         SANDS, FULLER & Co.
    To Messrs. Mitchell & Wynkoop.
                         (Accepted by) MITCHELL & WYNKOOP.
    (Endorsed) SANDS, FULLER & Co.

$744.77.                         NEW YORK, April 30th, 1846.

Ninety days after date, pay to the order of ourselves, seven hundred and forty-four dollars seventy-seven cents, value received, which place to account of                         SANDS, FULLER & Co.
    To Messrs. Mitchell & Wynkoop, Phila.
                         (Accepted by) MITCHELL & WYNKOOP.
    (Endorsed) SANDS, FULLER & Co.

[Mitchell *v.* Fuller.]

To which the following affidavit of defence was filed:—

Matthew P. Mitchell, the defendant in the above case, being duly sworn according to law, says that he has a defence to the above action, of the following nature and character, that is to say—

That the bills upon which said suit is brought, are both specially endorsed to J. B. Trevor, Esq., cashier, or order.

And that the writing filed in the above case, as a copy of the said bills, is not a true copy thereof, as will appear on the production of the said bills, and as defendant is informed and believes, and expects to prove.

The original drafts were as the copies set forth in the paper-book of plaintiffs in error, but with the following additional endorsement:

Pay J. B. Trevor, Esq., cash., or order,

(in red ink) HAMMOND & Co.

The name of Hammond & Co. was erased before the notes were placed in the hands of counsel.

The case was then one of an endorsement in blank by the payees, and a special endorsement by a subsequent holder to J. B. Trevor, Esq., cashier, or order.

There was no endorsement by Trevor.

"November 24, 1849, on motion, and upon inspection of the originals of the copies filed, judgment is granted by the court for plaintiff, for want of a sufficient affidavit of defence."

It was assigned for error:

1. The court entered judgment for the plaintiff below, notwithstanding an affidavit of defence had been filed.

2. The court entered judgment against the defendants, although the affidavit of defence filed set forth a full defence.

The case was argued by *Markland*, for plaintiff in error.—That the affidavit of defence alleges that the bills are specially endorsed to J. B. Trevor, Esq., cashier, or order, and, in case of special endorsement, to enable any one but the special endorsee to recover on the bill, it must appear either that it is re-endorsed by the special endorsee, or that he has received satisfaction: 2 *Dal.* 144; 1 *Yeates* 94; 12 *Ser. & R.* 43. That there would be no use in a special endorsement if any holder could maintain the action without showing title in himself: 7 *Cranch* 159. Such an endorsement cannot be stricken out by the plaintiff: 1 *Peters's C. C. Rep.* 171. The only exception to the rule is where the plaintiff is the drawer or a prior endorser. Where such an one comes again into possession of the bill, such possession is *prima facie* evidence of ownership.—3 *Wheat.* 183.

*Brinckle* was for defendant in error.—The plaintiff below has possession of the bill, and *prima facie* the ownership of it. When

[Mitchell *v.* Fuller.]

the first endorsement is in blank, the bill or note, as against the payee, drawer, or acceptor, is afterwards transferable by mere delivery, notwithstanding it may have upon it subsequent endorsements in full, because a holder may declare and recover as the endorsee of the payee, and strike out all the subsequent endorsements, whether special or not.—*Chitty on Bills*, 5th ed. 175-6; Smith *v.* Clarke, *Esp. Rep.* 180; S. C. *Peake Rep.* 225; 1 *Dal.* 193; 2 *id.* 144; *Mass.* 481; 9 *Watts* 96; 11 *Johns.* 52; 9 *Watts* 359; 1 *Peters's C. C. R.* 171.

A note endorsed in blank, after protest, may be sued upon by a bank with whom it was left merely for collection.—11 *Ser. & R.* 179.

It appearing from the affidavit filed, that the bills were endorsea to J. B. Trevor, Esq., as cashier, the defendant in error is entitled to ask this court to assume that the endorsement was made merely with a view to the collection of the bills: 1 *Dal.* 214; 7 *Barr* 527.

The opinion of the court was delivered, March 1, 1851, by

ROGERS, J.—In the case of a special indorsement of a bill of exchange or promissory note, to enable any one but the special indorsee to recover on the bill, it must appear either that it is re-indorsed or re-assigned by the special indorsee, or that he has received satisfaction. The mere possession of the note or bill of exchange by the indorser who had indorsed it to another, is not sufficient evidence of his right of action against his indorser, without a re-assignment or receipt from the last indorsee. This is ruled in Gorgerat *v.* McCarty, 2 *Dal.* 144; 1 *Yeates*, 94; Zeigler *v.* Geary, 12 *Ser. & R.* 43; 7 *Cranch* 159; and in Craig *v.* Brown, 1 *Peters's C. C. Rep.* 174. But this rule obtains only when the note is specially indorsed by the payee, or made payable specially by the maker, for when the note or bill is indorsed in blank, the rule is otherwise. A blank indorsement makes the bill transferable by mere delivery. When the first indorsement is in blank, the bill or note as against the payee, drawer, or acceptor, is afterwards assignable by mere delivery, notwithstanding it may have subsequent indorsements in full; because a subsequent holder by delivery may declare and recover, as the indorsee of the payee, and strike out all the subsequent indorsements, whether special or not: *Chitty on Bills*, 175-6, 5th edition. In Smith *v.* Clarke, 1 *Esp. Rep.* 180; S. C. *Peake's Rep.* 225, a bill was indorsed in blank by the payee, and after some other indorsements, indorsed to Jackson or order; Jackson never indorsed the bill, but a recovery was had by a subsequent holder who had stricken out all the indorsements but the first. Lord KENYON gives the reason for the decision. He said the doctrine contended for by the defendant's counsel was not supported by any case, and *that it would clog* the circulation of bills of exchange, if, by indorsement of this sort, where there might

[Mitchell *v.* Fuller.]

be several, the holder was obliged to prove the hand-writing of the several indorsers; that a bill being payable generally to a payee or his order, when he, to whose order only it was payable, by a blank indorsement, sent it into the world, that he meant it should have a general circulation, and any person into whose hands it came, *bona fide,* by proving the hand-writing of the payee, entitled himself to sue; that as this gave him a title, he might strike out the names of all the intermediate indorsers, whether the indorsements to them were special or not. Thus the distinction is clearly taken; this case falls within the latter class. Since Smith *v.* Clarke, the law has been considered settled, and it would be dangerous now to disturb it. I know of no case where it has been even questioned. The latter class seems to be the rule, the former for special reasons, is the exception. It has always been the policy of the courts, accommodating themselves to the wishes of the mercantile world, to promote the free, unconstrained circulation of commercial paper; and hence it is they have adopted the rule that the holder may maintain suit in his own name, by striking out the special indorsements. The presumption, and it is a fair one, is that he is a *bona fide* holder for value, or a trustee or agent for collection. The rule, however, is relaxed in favor of the maker of a note, who may make it payable in full, by inserting the name in whose favor it is made, as drawee of a bill of exchange or payee of a note, who may indorse it specially for purposes of transmission and for safety, and so far to clog its circulation. Beyond this, the courts have wisely decided, they are not at liberty to go. When the note is once indorsed in blank, subsequent holders cannot control its circulation. These principles are fully sustained by the authorities.

After an indorsement in blank by the payee or subsequent indorser, it is competent for the holder of the bill or note to make himself the immediate indorsee, and to claim by the blank indorsement: Taylor *v.* Binney, 7 *Mass.* 481; Mullen *v.* French, 9 *Watts* 96.

And where a person fairly and without fraud becomes possessed of a negotiable note, indorsed in blank, it has been held that he may maintain an action thereon, although it has not been legally transferred to him: Little *v.* O'Brien, 9 *Mass.* 423; Bowman *v.* Wood, 15 *Mass.* 534.

So, where a promissory note, payable to order, is indorsed in blank, the holder has a right to fill it up with any name he pleases, and the person whose name is inserted will be deemed the legal owner; and if in fact the indorsement in blank was intended as a transfer for the benefit of another person, yet he would be considered as a trustee, suing for the benefit of the person having the legal interest: Lovell *v.* Evertson, 11 *Johns. R.* 52; 11 *Ser. & R.* 179, Sterling *v.* Marietta Co.

[Mitchell *v.* Fuller.]

This view of the case, so fully sustained by authority, is an answer to the other exception. The holder having stricken out the indorsements, the record contains a true copy of the note on which suit is brought.

Judgment affirmed.