HAWKINS WICKERSHAM, Defendant in Error, *v.* JOHN W. JARVIS *et al.*, Plaintiffs in Error.

### May 16, 1876.

1. The payee and holder of a note, indorsed in full to a third party, is not on that account obliged to prove ownership of the note.

2. Where no issue of usury, or no usury has been found, it is prefectly imma-
terial, as affecting plaintiffs' right to recover the full amount due on a
note and costs, what the evidence may show as to the amount of interest
paid or agreed upon.

ERROR to St. Louis Circuit Court.

*Affirmed.*

*J. B. Goff* and *Robert Percival*, for appellants, cited :
Wag. Stat. 783, sec. 5 ; Farmers & Traders' Bank *v.* Harri-
son, 57 Mo. 503 ; Wag. Stat. 835, sec. 39.

*Fisher & Rowell*, for respondent, cited : Page *v.* Lot-
troch, 20 Mo. 589 ; Glasgow *v.* Switzer, 12 Mo. 395 ; White
*v.* Grey, 32 Mo. 447 ; Roosburg *v.* Pacific R. R. Co., 45
Mo. 236 ; Merchants' Bank *v.* West, Exr., 45 Mo. 310 ;
Norch *v.* Divise, 4 Mo. 626 ; Hoyles *v.* Ellison, 5 Mo. 110 ;
Gamble *v.* Hamilton, 7 Mo. 469 ; Forks *v.* Sewlin, 4 Mo.
18 ; Barge R *v.* Brook, 10 Mo. 531 ; Gould *v.* Smith, 48
Mo. 43 ; Wilson *v.* North Missouri R. R. Co., 46 Mo. 36.

BAKEWELL, J., delivered the opinion of the court.

This was a suit on a negotiable promissory note for $220,
made to the order of plaintiff by J. W. Jarvis & Brother,
payable sixty days after date.

The suit was commenced by attachment, before a justice
of the peace.

On trial in the Circuit Court no instructions were asked,
and no exceptions saved to any ruling of the court. There
was a verdict and judgment for plaintiff for the total claim
and costs. A motion for a new trial being overruled, the
cause is brought before us by appeal.

There was some evidence to sustain the verdict, and we
cannot look into its weight.

The note was indorsed in full to the North St. Louis Sav-
ings Association. This indorsement, the payee and holder
of the note might, if he had so chosen, have stricken out ;
but the fact that he did not do so did not make it necessary
for him to prove that he was owner of the note, as defend-
ant's counsel contended. This is well settled law.

Defendants further insist that it affirmatively appeared on

trial, by uncontradicted evidence, that the note was given to plaintiff by defendant John W. Jarvis, in consideration of $200; that usurious interest was therefore charged, and that, under the statute, judgment should have been rendered only for the principal, and interest at 10 per cent., the interest to be paid to the school fund, and that judgment should have been given in favor of defendants for costs,

The record does not show any finding of fact as to the question of usury. When a court sitting as a jury, or a jury, find usury as a fact, then, and not till then, the provisions of the statute as to the amount of recovery, the disposition to be made of the interest, and the judgment for costs, apply.

There are no pleadings in a suit on a note before a justice of the peace; but, if this defense is to be made before a justice, it would seem that something in the nature of an answer must be filed. If the defense is to be made on the trial anew in the Circuit Court (as a defense may be made, on the trial of an appeal, which was not made before the justice), the question, we suppose, might be submitted to the jury by an instruction, though no such issue had been made below. But where there is no issue of usury, or no usury, in any way made and submitted to the triers of the fact, it is perfectly immaterial, as affecting the plaintiff's right to recover the full amount due on the note, and costs, what the evidence may show as to the amount of interest paid or agreed to be paid.

There is nothing preserved in this record on which we can pass, and we do not know why parties should go to the trouble and expense to bring such a record before us. The judgment of the Circuit Court is affirmed. The other judges concur.