MARY J. CROSBY v. GEORGE H. WRIGHT and Another.[1]

December 2, 1897.

Nos. 10,698—(47).

**Promissory Note—Meaning of Indorsement.**

An indorser of a promissory note engages unconditionally that it is in every respect genuine; that it is the valid instrument it purports to be; and that the ostensible parties were competent.

**Action against Indorser—Proof of Execution Unnecessary.**

Hence, in an action against the indorser, it is unnecessary to prove that the note was executed by the ostensible maker.

**Same—Pleading.**

Where a note has passed through the hands of several successive transferees, a plaintiff may ignore all intermediate transfers not necessary to show his title, and allege a transfer by the payee directly to himself.

Appeal by defendant Wright from a judgment of the municipal court of Duluth, entered pursuant to the findings and order of Boyle, Special Judge. Affirmed.

*George F. Davis*, for appellant.

*John Q. A. Crosby* and *Wm. R. Spencer*, for respondent.

MITCHELL, J.

This action was brought against the defendant, as indorser of a negotiable promissory note which was set out in the complaint according to its tenor, and which purports on its face to have been executed to the order of the defendant by "Euclid Lodge, No. 198, A. F. & A. M.," which was alleged to be a corporation.

The burden of the first and second assignments of error is that

[1] Reported in 73 N. W. 162.

there was no evidence that the lodge was a corporation or that it executed the note. As against the defendant these questions were wholly immaterial, for, by indorsing the paper, he engaged unconditionally that it was in every respect genuine, that it was the valid instrument it purported to be and that the ostensible parties were competent; and, if it turns out that any of these engagements are unfulfilled, he is none the less liable as a party to the paper.

The third assignment of error is also without merit. It is a well-settled rule of pleading that, where a promissory note has passed through the hands of several successive transferees, the holder may ignore all intermediate transfers except such as may be necessary to show his title, and allege a transfer by the payee directly to himself. What is true as to the complaint is equally true as to the findings.

Defendant having indorsed the note in blank by an unrestricted indorsement and put it in circulation, a bona fide transferee for value and before maturity cannot be affected by any secret agreement or understanding between the defendant and the first indorsee. This covers all the questions worthy of notice.

Judgment affirmed.