## VANARSDALE et al. v. HAX et al.

(Circuit Court of Appeals, Eighth Circuit. April 10, 1901.)

No. 1,417.

1. BILLS AND NOTES—BLANK INDORSEMENTS—AMENDMENTS.

It is not error to permit the holder of a note indorsed in blank by the payee to amend his complaint at the trial by striking out an allegation that the note had been indorsed to him "in writing."

2. SAME.

The holder of a note indorsed in blank by the payee may, at the trial, strike out all subsequent indorsements and recover on the instrument as an indorsee under a blank indorsement.

3. SAME—PARTIES.
Under the Kansas Code the real party in interest may sue on a note without reference to the indorsements.

4. SAME—CHATTEL MORTGAGE—CERTIFIED COPY.
A register's certificate reciting that a copy of a chattel mortgage is a true and correct copy of an instrument "purporting" to be a chattel mortgage, which is fully and accurately described in such certificate, is not vitiated by the use of the word "purporting," so as to render the copy inadmissible in evidence under the Kansas statute providing that a copy certified by the register shall be received in evidence.

5. CHATTEL MORTGAGES—VALIDITY.
A mortgage on cattle is not void because it covers forage which is to be used by the mortgagor to feed them, the forage being an incident to the cattle, and necessary for their preservation.

SAME—FILING—PRESUMPTIONS.
In the absence of proof to the contrary, it will be presumed that a chattel mortgage remained on file after its filing in the recorder's office of the proper county.

7. TRIAL—INSTRUCTIONS.
In the federal courts it is not error for the judge to indicate to the jury his views of the facts when the jury are charged that they are the exclusive judges of the facts, and are not bound by the court's views.

8. SAME.
Specific requests covered by the charge in chief so far as they are good law are properly refused.

In Error to the Circuit Court of the United States for the District of Kansas.

On the 15th day of October, 1898, Charles L. Wilson and George Maris executed and delivered to the A. J. Gillespie Commission Company their two promissory notes of that date, one for the sum of $6,000 and one for the sum of $7,366.80, both due six months after date; and to secure the payment of the same executed to the payee of the notes a chattel mortgage of even date therewith on 402 steers, and "200 tons of hay, 1,500 shocks of corn, and sufficient roughness to winter said cattle" were included in the mortgage. The mortgage was duly filed in the office of the register of deeds of the proper county as required by the laws of Kansas. One of the notes afterwards became the property of the plaintiffs Louis W. Hax, Ernest C. Hartwig, and H. A. Smith, as administrators of the estate of Louis Hax, and the other the property of the plaintiff Milton Tootle, as receiver of the Central Savings Bank of St. Joseph, Mo. Subsequently Wilson and Maris, the mortgagors, sold and delivered the mortgaged cattle to the principal defendant, the Elk Grove Land & Cattle Company, and thereupon the plaintiffs brought this action of replevin to recover the cattle, as they might well do under the provisions of the mortgage. In addition to a general denial, the answer alleges that Wilson and Maris had authority to sell the cattle, and that the plaintiffs by their agent, Hammond, consented to and authorized their sale to the defendant. The replication denied the allegations of the answer. There was a trial to a jury, and a verdict and judgment for the plaintiffs, and the defendants brought this case here on writ of error.

A. B. Jetmore and A. P. Jetmore, for plaintiffs in error.

James M. Johnson, William D. Rusk, and William E. Stringfellow, for defendants in error.

Before CALDWELL and SANBORN, Circuit Judges, and ADAMS, District Judge.

CALDWELL, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The Central Savings Bank purchased the notes from the payee, who indorsed them in blank. Subsequently the Central Savings Bank

sold the $6,000 note to Louis Hax, the plaintiffs' intestate, and indorsed and sent both notes to the State Bank of Holton for collection, but the indorsements did not show that they were made for collection. The complaint averred the notes had been indorsed "in writing" to the plaintiffs. When they were offered in evidence, the defendant objected because the written indorsement on the back of the notes did not appear to be to the plaintiffs, but the indorsement of the payee was in blank, and the indorsement of the Central Savings Bank was special to the State Bank of Holton. Thereupon the court permitted the plaintiffs to amend the complaint by striking out the allegation that the $6,000 note had been transferred to the plaintiffs by "written indorsement," and received oral proof that the notes were the property of the plaintiffs, and that the indorsement to the State Bank of Holton was for collection only. The court did not err in allowing the amendment. McDonald v. Nebraska, 101 Fed. 171, 41 C. C. A. 278. But there was a shorter way of meeting the objection. It is well settled that the holder of a bill or note indorsed in blank by the payee may, at the trial, strike out all subsequent indorsements, and recover on the instrument as indorsee under the blank indorsement, and may—though in most jurisdictions it is unnecessary for him to do so—fill up the blank indorsement to himself at the trial. Emerson v. Cutts, 12 Mass. 78; Crosby v. Wright (Minn.) 73 N. W. 162; Mitchell v. Fuller, 15 Pa. 268; Preston v. Mann, 25 Conn. 127; Wickersham v. Jarvis, 2 Mo. App. 279; Mottram v. Mills, 1 Sandf. 37; Hargous v. Lahens, 3 Sandf. 213; Evans v. Gee, 11 Pet. 80, 84, 9 L. Ed. 639; Enc. Pl. & Prac. tit. "Negotiable Instruments"; 4 Am. & Eng. Enc. Law (2d Ed.) 266 et seq. Moreover, under the Kansas Code the real party in interest may maintain the action without reference to the indorsements.

Objection was made to the introduction in evidence of a copy of the chattel mortgage. Under the statutes of Kansas the deposit in the office of the register of deeds in the proper county of a chattel mortgage, or a true copy thereof, is effectual to protect the rights of the mortgagee for the period fixed by the statute; and it is provided that a copy of any such original instrument, or any copy thereof, so filed and "certified by the register in whose office the same shall have been filed, shall be received in evidence." The register of deeds certified that the copy of the mortgage offered in evidence was "a true and correct copy of an instrument purporting to be a chattel mortgage dated October 15, 1898, wherein Charles L. Wilson and George Maris are grantors and the A. J. Gillespie Commission Company is grantee, as the same appears of record in Book M of Chattel Mortgage Records in my office." It was objected that this certificate was vitiated by the use of the word "purporting." The use of that word neither added to nor detracted from the force and effect of the certificate, which fully and accurately described the instrument on record. It was further objected that the mortgage was void because it covered the forage which was to be used to feed the mortgaged cattle during the winter. The authorities relating to the mortgage of chattels which are to be consumed by the mortgagor have no application to a case like this. The forage was an incident to the cattle. It was

necessary to the preservation and sustenance of the cattle, and, in a sense, a part of the cattle. It was not to be consumed by the mortgagor for his support or use, but was to be fed to the mortgaged cattle, and without which they would have been valueless as a security or otherwise. Moreover, if the mortgage of the forage was invalid for the reason urged by the plaintiff in error, that would not affect the validity of the mortgage on the cattle. It was further objected that it was not shown that the mortgage remained on file in the office of the recorder of deeds, but the presumption of law, in the absence of proof to the contrary, is that it did.

The real issue in the case was one of fact, and was whether the plaintiffs by themselves or their agent had authorized the sale of the cattle by the mortgagors. This issue was fairly and fully presented to the jury in the instructions of the court, and found against the defendant. The only specific exception taken to the charge of the court before the jury left the bar, and therefore the only one we can notice, is that in its charge the court expressed the opinion that there was no adequate proof that the plaintiffs or any agent of theirs consented to or authorized the sale of the cattle to the defendants. In the federal courts, as in the English courts, the judge is at liberty to indicate to the jury his views of the facts, when the jury are also told, as they were in this case, that they are the exclusive judges of the facts, and not bound by the court's view of them. Some exceptions were taken to the admission and rejection of evidence, but they are not of sufficient importance to require or justify a separate consideration. They have been considered, and found to be wholly without merit. Exception was taken to the refusal of the court to give the jury several special requests asked by the defendant, all of which were rightly refused. So far as they were good law, they were covered by the charge in chief. Finding no error in the record, the judgment of the circuit court is affirmed.