# JERMAN v. EDWARDS.

NEGOTIABLE INSTRUMENTS; PROMISSORY NOTES; INDORSEMENT.

1. Where a party becomes the holder of a promissory note by delivery under an indorsement in blank by the payee, he is entitled to strike out a subsequent indorsement under which he does not claim title, and in an action by him against the maker and payee, where there is no defense to the note as against any party whose name appears on it, it is immaterial whether such subsequent indorsement is restrictive or not, and the trial court properly directs a verdict for the plaintiff.

2. Sec. 1352, D. C. Code (31 Stat. at L. 1401, chap. 854), authorizing the holder of a promissory note to strike out any indorsement which is not necessary to his title, is declaratory of the law as it existed prior to the enactment of the negotiable instruments act.

No. 1756. Submitted April 5, 1907. Decided May 7, 1907.

HEARING on an appeal by the defendants from a judgment of the Supreme Court of the District of Columbia on a verdict directed by the court in an action on a promissory note.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

Appellee, Ada F. Edwards, brought this action [against Charles H. Jerman and William Tulloch, the appellants] in the justice court of the District as holder of a negotiable note for the sum of $294.00; and the case was appealed therefrom to the supreme court of the District.

The note was executed on July 21, 1904, by William Tulloch, who promised thereby to pay, two months after date, to the order of C. H. Jerman, the said sum of $294. This note was indorsed in blank by Jerman, with the words added: "Demand,

notice, and protest waived," and his name was again written thereafter. Affidavits and counter-affidavits were filed under the 73d rule, but no action was had thereon, and the cause proceeded to trial. The record shows no plea on behalf of the defendants, though there must have been such. The bill of exceptions shows that plaintiff first produced Benjamin F. Edwards as a witness, who proved the signatures of the maker and indorser. The note was then offered in evidence. Following the blank indorsement of C. H. Jerman, and his waiver of demand, protest, and notice, the following words appeared: "To acc't of Benjamin F. Edwards." On the face of the note appeared also the stamp of the Washington Savings Bank. Whether the words just recited were written by the said Benjamin F. Edwards, or were indorsed by the savings bank as an indication of the credit to be entered by it in case of its collection of the note, does not appear. The defendants objected to the note on the ground of variance. It appears, then, that without any ruling by the court the counsel for plaintiff struck out the said words: "To acc't of Benjamin F. Edwards," in the presence of the court, and again offered the note. Objection was again made on the ground that this was a restrictive indorsement of the note, that it was stricken out without right, and that the plaintiff was not the bona fide holder of the note, as she was not the indorser of the same, and was not entitled to maintain the action thereon. Plaintiff's counsel claimed the right to strike out the indorsement under the authority of sec. 1352 of the Code. The court overruled the objection, and permitted the note to be read to the jury. Defendants offering no evidence, the court instructed the jury to return a verdict for the plaintiff.

*Mr. Leonard J. Mather* for the appellants.

*Mr. John Ridout* and *Mr. George C. Gertman* for the appellee.

Mr. Chief Justice Shepard delivered the opinion of the Court:

We think there was no error in the action of the court. Assuming, as contended for the appellants, that the note had been actually indorsed by Benjamin F. Edwards to the savings bank for collection for his account, the bank failed to collect it, and returned it presumably to him. Plaintiff's title as holder did not pass under that indorsement, but through the delivery to her by Benjamin F. Edwards, who appeared as a witness on her behalf. She took title by delivery under the blank indorsement of the payee, Jerman, the effect of which was to make the note payable to bearer, and pass by delivery. Code, sec. 1338 [31 Stat. at L. 1399, chap. 854]. Whether the further indorsement, if in fact made by Benjamin F. Edwards, was a restrictive one, as defined in sec. 1341 [31 Stat. at L. 1400, chap. 854] is a question of no materiality, as the plaintiff did not claim the title thereunder, and there was no defense to the note as against either Benjamin F. Edwards, the savings bank, or the plaintiff. This indorsement not being necessary to the title of the plaintiff, she had the right to strike it out. Code, sec. 1352 [31 Stat. at L. 1401, chap. 854]. This provision of the Code is but declaratory of the law as it was recognized before the adoption of the negotiable instruments act. See *Vanarsdale* v. *Hax,* 47 C. C. A. 31, 107 Fed. 878, 880, and cases cited.

It follows that the judgment must be affirmed, with costs. It is so ordered.                               *Affirmed.*