COLEMAN *et al. v.* BOWMAN.

(Division A. March 17, 1924. Suggestion of Error Overruled April 14, 1924.)

[99 So. 465. No. 23718.]

1. CONTINUANCE. *That case reached on regular call earlier than anticipated not ground for continuance.*

That a case is reached on the regular call of the docket of the trial court earlier than the parties thereto or their counsel anticipated

is not a ground for the continuance of a case, although one of the parties because thereof is not then prepared for the trial.

2. CONTINUANCE. *Absence of party to cause not ground for continuance unless shown necessary to proper presentation.*

Absence of a party to a cause is no cause for a continuance when called for trial unless his presence is shown to be necessary for the proper presentation of his case.

3. CONTINUANCE. *Certificate of physician of inability of party to be present at trial not competent on motion for continuance.*

The certificate of a physician is not competent evidence of the illness of a party to a case on the trial of a motion for the continuance thereof because of his inability to be present at the trial.

4. PLEADING. *Failure of plaintiff to reply to defendant's plea waived where no objection made before trial.*

The failure of a plaintiff to reply to a defendant's plea is waived if no objection thereto is made before the trial.

5. PLEADING. *On verdict for plaintiff on issue raised by plea in abatement judgment must be for plaintiff; but amount of unliquidated recovery must be ascertained by jury.*

The judgment on a verdict for the plaintiff on an issue made by plea in abatement must be that the plaintiff recover, but, if the amount to be recovered is unliquidated, it must be ascertained by a jury.

6. REPLEVIN. *Liability of sureties on replevin bond executed in laborer's lien proceeding stated.*

The liability of the sureties on a replevin bond executed in a laborer's lien proceeding is for the return of the property replevied, or, in default thereof, for its value, which value must be ascertained by a jury; the valuation of the officer who made the levy being *prima-facie* evidence thereof.

APPEAL from circuit court of Bolivar county.

HON. W. A. ALCORN, JR., Judge.

Suit by W. I. Bowman against Mrs. Jennie Coleman and others. From a judgment for plaintiff, defendants appeal. Reversed in part and affirmed in part.

*Duncan H. Chamberlain,* for appellants.

I.  *Abuse of sound discretion in refusing continuance.*
Must a litigant in the state of Mississippi keep himself
constantly in a state of readiness for trial on the merits
up to and including the last day of court, no matter how
remote may be the possibility that his case will be reached
and called for trial?  Would not a lawyer be carrying
precaution to the point where it would be an imposition if
he insisted that his client and witnesses in a case twenty-
two positions down the line, remain in the courtroom
throughout the last day on such a remote possibility that
his case would be reached and called for trial?  And if an
accidental occurrence sweeps a slow moving case from
the docket and starts an avalanche down the docket re-
sulting in the quick disposition of as many as twenty
cases in the course of a few minutes, should not the trial
judge in the exercise of sound discretion stop the ava-
lanche the very moment it reaches a litigant who is mani-
festly caught by surprise by this unlooked for and ac-
cidental speeeding up of the wheels of justice?

The learned trial judge in the full exercise of sound
judicial discretion, should have, of his own motion, con-
tinued the instant case (as he did all succeeding cases on
the docket) to the next regular term of the circuit court.

II.  *Failure to file replication to plea in abatement.*  In
failing to file a replication to the plea of the appellant,
setting up the non-joinder of the other Coleman heirs,
appellee committed a fatal error that will necessitate the
reversal of the judgment that he secured by surprise.
Puterbaugh's Pleading and Practice (8 Ed.), page 63.

Appellee advanced the contention that the above-stated
rule of pleading had no application to the case at bar, be-
cause it was contended that she had, through her at-
torney, voluntarily taken part in the trial when her at-
torney after the overruling of her motion for a continu-
ance, as aforesaid, essayed to propound a *voir dire* ex-
amination to the jurors that were empanelled to try the

issues raised by the aforementioned plea in abatement. If there is any fact in this record that stands out so plain and prominent that it defies even the confused arrangement of this record to hide and obscure it, it is the fact that appellant's attorney, far from voluntarily participating in said trial, was forced into it much against his will and over his strenuous and repeated objections and motions for a continuance. As to the hardship entailed upon appellee by his failure to interpose a replication in proper form to appellant's plea in abatement, we need only consider the concluding paragraph of the case of *Martin* v. *Tarver,* 43 Miss. 517. See also *Hogue* v. *Lewellen,* 42 Miss. 302; *Price* v. *Sinclair,* 5 S. & M. 254; *Rushing* v. *Key,* 4 S. & M. 191.

*Clark, Roberts & Hallam,* also for appellants.

The judgment of the lower court must be reversed because there was pending undisposed of at the time of the rendition of such judgment, the sworn statement of defense filed by the defendant and which was withdrawn merely for the purpose of disposing of the plea in abatement, and because the case was not submitted to the jury at all but a final judgment was rendered merely on the motion of the plaintiff.

The action was instituted by a laborer to enforce a laborer's lien on certain agricultural products under sections 2400, et seq., of Hemingway's Code. Section 3062 of Hemingway's Code deals with replevin. In the present case the jury was not consulted about the matter at all; it assessed no value; and no evidence was introduced before a jury to have it fix the value of the property. The court, merely on the oral motion of the plaintiff's attorneys, erroneously gave a personal judgment against the defendant and the sureties on her bond for the full sum sued for without the interposition of a jury at all. That this was reversible error is held in *McCoy* v. *Toler,* 128 Miss. 202, 90 So. 628.

It has been repeatedly held in this state that it is error for the court to render judgment in the action of replevin in favor of a plaintiff and against the defendant and the sureties on the forthcoming bond without proof of the value of the property. *Whittaker* v. *Goodman,* 97 Miss. 663, 53 So. 413; *Miller* v. *Griffin,* 110 Miss. 537, 70 So. 699; *Williams* v. *Williams,* 117 Miss. 251, 78 So. 152. See, also, *Dennis* v. *Robinson,* 104 Miss. 548, 61 So. 597; *McCoy* v. *Toler,* supra.

*Shands, Elmore & Causey,* for appellee.

The objection is raised that the lower court exceeded the speed limit in disposing of cases before it. Now we do not know what is the speed limit for a court of law under such circumstances, but we do know this particular court disposed, at that term, of twenty or more cases a day, so that in reaching the twenty-second case, the court was doing no unusual thing. Section 471, Hemingway's Code (section 692, Code of 1906).

But, says counsel for appellant, "I was surprised when my case was called." In such an instance we can cite no higher authority than that found in the first few verses of the twenty-fifth Chapter of Matthew—the parable of the ten virgins.

I. *The motion for a continuance was not in such form as to make the refusal of the court to grant a continuance an abuse of discretion.* Section 567, Hemingway's Code (section 784, Code of 1906.) Counsel for defendant moved in open court for a continuance on the sole ground that defendant was ill and unable to come to court. In support of the motion he introduced an unsworn certificate of a physician dated two days prior to the day on which the case was called. This motion here made was in no way a compliance with the statute, and in addition to that, it makes no such showing as would require a continuance as a matter of right. See *Lipscomb* v. *State,* 76 Miss. 223. The description of the motion in *Jones* v.

*Jones,* 175 S. W. 227, is a good description of the motion in the case at bar. See, also, *Sheldon* v. *Landwehr,* 116 Pac. 44; *Good* v. *Bonacum,* 111 N. W. 796; *Mead* v. *Broads,* 131 Pac. 758; *Gahren, Dodge, Maltby* v. *Parkersburg Nat. Bank,* 163 S. W. 1135; *St. Louis I. M. & S. Ry. Co.* v. *Smith,* 100 S. W. 884.

II. *The second question presented by this appeal is*: *The replication "Issue Joined in Short by Consent" and signed by the attorneys was not a sufficient replication to put in issue the plea of abatement.* The question of the sufficiency of the replication was not raised below before judgment taken, and it cannot be raised for the first time before this court. *Bemis* v. *Stokes,* 27 Miss. 239; *Pheifer* v. *Chamberlain,* 52 Miss. 89; *Atlas Life Assur.* v. *Moman,* 69 So. 989; *Rumble* v. *Cummings,* 95 Pac. 1111. See, also, *Florence & C. C. R. Co.* v. *Jensen,* 108 Pac. 975; *Robinson Reduction Co.* v. *Johnson,* 50 Pac. 215; *Meek Co.* v. *Rohlff,* 135 N. W. 1021; *Merchant's Nat. Bank* v. *Barlow,* 82 N. W. 364. But even if the question were properly before this court, any want of sufficiency in the replication is cured by the statute of jeofails, section 596, Hemingway's Code (section 808, Code of 1906).

The records in the cases cited by appellant do not show that issue was joined on the pleadings. The record in the case at bar shows that issue was joined on the pleadings. The record in the case at bar shows that issue was joined, informally, and that no objection was made thereto. Under the statute and decisions that is sufficient. *Phillips* v. *Cooper,* 50 Miss. 722; *Satterwhite* v. *Littlefield,* 13 S. & M. 302; *McComb* v. *Turner,* 14 Id. 119; *Hundly* v. *Buckner,* 6 Id. 70; *Wooldridge* v. *Wilkins,* 3 Id. 360; *Prussel* v. *Knowles,* 4 Id. 90; *Learned* v. *Matthews,* 40 Miss. 210; and other cases cited in George's Dig., 353-7.

III. *Was any evidence as to the fact of the levy, the value of the corn, and its liability to the lien, necessary before judgment could be taken against defendant and her bondsmen in the case at bar?* This question is not prop-

erly before the court, because the only parties who could possibly be interested in or affected by its determination, under the authority of *McCoy, et al.,* v. *Toler,* 90 So. 628, 128 Miss. 202, relied upon by appellant, are the sureties, and the sureties in this case have not appealed. The judgment would stand against the defendant regardless of whether a writ of inquiry should have issued or not.

But assuming that the question is properly before the court, under the circumstances of this case no writ of inquiry was necessary. The proceeding is, according to *McCoy, et al.,* v. *Toler,* 90 So. 628, 128 Miss. 202, in the nature of replevin. The demand was for a sum certain, eight hundred dollars, the balance due under the terms of the contract. Section 3050, Hemingway's Code (section 4421, Code of 1906), provides that the officer's return shall be *prima-facie* evidence of the value of the property, and the return is a part of the record. There was no denial of the existence of the lien, of the fact of the levy, or of the correctness of the sheriff's valuation, and the judgment was for the sum fixed by the sheriff as the value of the property. The case of *Wilson* v. *Griffin,* 96 S. E. 395, presents a somewhat similar state of facts to the case at bar. So, therefore, it is plain that there was no error in the action of the court in entering judgment against defendant and her sureties for the amount fixed by the sheriff, as the value of the property levied upon, and in any case, the question is one which concerns the sureties solely and they are not parties to this appeal.

Argued orally by *D. H. Chamberlain* and *G. G. Lyell,* for appellant.

SMITH, C. J., delivered the opinion of the court.

This is a proceeding by which the appellee seeks to enforce an employee's lien under section 3042, Code of 1906 (section 2400, Hemingway's Code). The petition Mrs. Coleman, as a plantation manager, and assisted in alleges that the appellee was employed by the appellant,

the making of a crop of cotton and corn on which a lien was claimed for an alleged balance due the appellee of eight hundred dollars. The writ issued thereon was levied on eight hundred bushels of corn valued by the officer making the levy at eight hundred dollars, and released by him to Mrs. Coleman on a replevin bond given by her in double the value thereof. The appellant, Mrs. Coleman, filed a plea in abatement, the ground of which it will not be necessary here to set forth. When the cause came on for trial an oral request was made by the attorneys for Mrs. Coleman to continue the case because of the appellant's absence on account of sickness, in support of which a physician's certificate to the effect that she was ill and unable to attend court was offered, but which seems to have been excluded on objection being made thereto. Mrs. Coleman's counsel then, according to their brief, though the fact is not clear from the record, requested the court to pass the case for a few hours so that they might obtain and offer the sworn evidence of the physician who made the certificate. This request was refused, the motion overruled, and the cause proceeded to trial on the plea in abatement resulting in a verdict for the appellee; whereupon a judgment final was rendered against the principal defendant and the sureties on her replevin bond for the amount sued for, from which the principal defendant has appealed, and in which the sureties on the replevin bond afterwards joined.

No replication was filed to the plea in abatement, but indorsed thereon are the words, "Issue joined in short by consent," followed by the signature of the appellee's attorneys. This joinder of issue is claimed by counsel for the appellants to have been without their knowledge and consent.

When the court below convened on Friday, the day on which the case at bar was tried, there was pending a litigated jury case which to all appearances would con-

sume a large part, if not all, of the day, but which came to an unexpected and quick conclusion shortly after the convening of the court. A number of other cases that intervened between that case and the one at bar were either quickly disposed of or continued, so that early in the day the case at bar was reached, because of which the appellants' counsel claim to have been surprised and un-prepared for the trial.

The questions presented for decision arise on: (1) The overruling of the appellants' motion for a continuance of the case; (2) the trial of the case without a replication to the plea in abatement; (3) the rendition of a judgment on the replevin bond without the ascertainment by a jury of the value of the property levied on; (4) the rendition of an absolute, instead of an alternative, judgment against the sureties on the replevin bond.

That the cause was reached in the court below earlier than counsel for appellants expected, presents no reason for any indulgence to them by the court below, and the absence of a party to an action is no cause for a continuance thereof unless his presence is shown to be necessary for the proper presentation of the case.

Why the appellant's presence was necessary was not made to appear in the court below either when the continuance was asked or on the motion for a new trial, and no competent evidence of her illness was offered on the motion for a continuance, and none at all on the motion for a new trial. The court below therefore cannot be said to have abused its discretion in overruling the motion for a continuance.

Assuming that the joinder of issue in short to the plea in abatement was without the consent of and unknown to the appellants' counsel, the absence of a replication to the plea was waived by no objection being made thereto at the trial.

While the judgment on the verdict for the plaintiff on an issue made by plea in abatement is that the plaintiff recover, the amount to be recovered, when unliquidated,

135 Miss.—10.

must be ascertained by a jury. *McNeely* v. *R. R. Co.,* 119 Miss. 897, 81 So. 641. The liability of the sureties on the replevin bond is for the return of the property replevied, or, in default thereof, to pay its value (section 3048, Code of 1906; section 2406, Hemingway's Code), which value must be ascertained by a jury (section 4233, Code of 1906; section 3062, Hemingway's Code); the valuation of the officer who made the levy being simply *prima-facie* evidence thereof.

The judgment should have been against the principal defendant for the amount of the debt sued for (section 3049, Code of 1906; section 2407, Hemingway's Code), and against the sureties on her replevin bond for the return of the property to the proper officer, to be dealt with according to law, or, in default thereof, to pay the plaintiff the value thereof if in excess of the amount sued for. This necessarily follows from the provision of section 3048, Code of 1906 (section 2406, Hemingway's Code), that the replevin bond and the proceedings thereon in employee's lien cases shall be in accord with the bond and proceedings thereon in actions of replevin.

The judgment of the court below will be affirmed in so far as it awards a personal judgment against the appellant, but will be reversed in so far as it awards a judgment on the replevin bond, and will be remanded for further proceedings in accordance with this opinion.

*Reversed in part; affirmed in part.*