KING *v.* McWhorter.

(Division B. Oct. 28, 1935.)

[163 So. 679. No. 31870.]

Leftwich & Tubb, of Aberdeen, for appellant.

**Stovall & Stovall,** of Okolona, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellee brought this action in the circuit court of Chickasaw county against appellant to recover the sum of five hundred sixty-five dollars, with interest, alleged to be due and owing on open account for loaned money. There was a trial and judgment in the amount sued for. From that judgment appellant prosecutes this appeal.

The only question in the case is whether the court erred in refusing to continue the cause on appellant's application. The action was brought to the October term, 1933, of the court, and was triable at that term, but was

continued on the application of appellant. At the April term, 1934, it was again continued on the application of appellant. At the October term, 1934, an application was again made for a continuance upon the ground of appellant's illness and inability therefrom to attend court. The application was overruled and the trial had, resulting as above stated. After the trial a good deal of correspondence took place between the attorneys in the case and the trial judge, principally with reference to the continuance. This correspondence was embodied in the record in the case. It had no place there; only the pleadings, orders, instructions, judgment, and the evidence and rulings of the court thereon constitute the record on appeal.

The motion for a continuance was supported alone by an affidavit of one of appellant's attorneys and certificates of two physicians that she was unable to attend court on account of illness. The affidavit, although it stated that appellant's presence was necessary to advise her attorneys in the progress of the trial, failed to state the facts upon which the alleged necessity was based, and, furthermore, failed to set out either particularly or in substance what appellant's testimony would be as a witness in her own behalf. The absence of a party is no cause for a continuance when the case is reached for trial, unless his presence be necessary for the proper presentation of the case, and this must be shown to the court, not by way of conclusion, but by evidence justifying such a conclusion. Coleman v. Bowman, 135 Miss. 137, 99 So. 465. Neither in the evidence nor otherwise was it shown that appellant would be a material witness in her own behalf. To justify a continuance upon that ground it was necessary that the application set forth with reasonable clearness the material facts appellant would testify to if present. Ware v. State, 133 Miss. 837, 98 So. 229.

Section 576, Code 1930, provides, among other things, that the affidavit to support the application for a con-

tinuance should contain the facts expected to be proven by the absent witness that the court may judge of the materiality of such facts, and that the continuance is not sought for delay only, but that justice may be done, and that a denial of a continuance should not be ground for a reversal unless the Supreme Court should be satisfied that injustice resulted therefrom.

We are unable to see from this record that any injustice has resulted to appellant on account of the refusal to continue.

Affirmed.