BUCKLEW *v.* STATE.

Nov. 23, 1953

No. 38904 44 Adv. S. 7 67 So. 2d 881

*Collins & Collins,* Laurel, for appellant.

822

*Joe T. Patterson,* Asst. Attorney General, Jackson, for appellee.

ROBERDS, P. J.

Bucklew was convicted of grand larceny. The stolen property consisted of a cow and calf.

The trial court overruled his motion for a continuance. He says that was reversible error. The crime occurred around midnight August 9, 1952. He was arrested August 10th. His motion for continuance was filed December 15, 1952. He was put to trial the same day. The grounds of his motion were he was suffering from prostate gland and heart trouble and he needed an operation for the first, and rest for the second, trouble, and he was not physically able to stand trial; that he had made arrangements to have the prostate operation in New Orleans and that he would be back at court for trial at the next term thereof. The motion stated he had a statement from a doctor as to his condition which he was attaching to the motion. However, we do not find that statement in the record.

Only one witness testified upon the hearing of the motion—Mrs. Morgan Holifield, the sheriff of Jones County. In substance, he said that about a week after movant was placed in jail he had "a spell with his heart, and Dr. Risher advised us to take him to the doctor." He was carried to a doctor. The result of this is not shown. No doctor testified. We think it was not error to overrule this motion for these reasons:

1. ■■ ■ The motion did not set out what the testimony of movant would be if he testified in the case—whether his testimony would be competent, material or relevant, or constitute a defense to the charge in case he took the stand. King v. McWhorter, 174 Miss. 187, 163 So. 679.

2. ■■ ■ Granting or refusing a continuance is largely within the discretion of the trial judge and his refusal to grant a continuance will not be ground for reversal unless that discretion has been abused and this Court is satisfied that injustice has resulted therefrom. Roberson v. Quave, 211 Miss. 398, 51 So. 2d 62; Section 1520,

Code 1942. The trial judge had movant before him. He, no doubt, carefully observed him. He was in much better position to judge of his physical condition and ability to advise his counsel and defend the charge than is this Court.

Accused was jointly indicted with Ezra McSwain. On motion of this defendant a severance was granted. The State placed Ezra upon the stand as its witness. Appellant says he was incompetent because the state had promised him immunity. ██ On that question Ezra testified he was not promised anything. He said the district attorney asked him if he would tell the truth and he said he would. Counsel for Ezra said no promise was made but that he had a hope Ezra would not be prosecuted. Therefore, the assumed fact that Ezra was promised immunity was not proven by the testimony. ██ However, promise of immunity, had the fact been shown, would not have disqualified Ezra as a witness. The weight of his testimony would have been a question for the jury. Young v. State, 212 Miss. 460, 54 So. 671. No request was made by defendant for an instruction as to the testimony of an accomplice, but he was granted what is called the "falsus in uno falsus omnibus" instruction, which told the jurors that if they believed any witness (not only Ezra McSwain) had sworn falsely to any material fact they might disregard his entire testimony. That gave defendant an advantage to which he was not entitled. Crawford v. State, (Miss.) 54 So. 2d 230.

Appellant next says the state failed to prove the corpus delicti. Mr. L. W. Godfrey testified he was the owner of the cow and calf. He said he had not sold them, or given anyone permission to take them away. They were taken without his knowledge. He went with the officers to the woods where they were tied out and identified them. Leon McSwain testified he told appellant the cow and calf belonged to Mr. Godfrey. Johnie Johnson testified that about midnight he was awakened by the barking

of his dogs and saw the cow and calf being driven in the road by his house by appellant and Ezra and Leon Mc-Swain. Ezra testified they carried the cow and calf into a river bottom and tied the cow to a tree with a chain, and came back for her the next day, when both Ezra and appellant were arrested. The chain by which the cow was tied was identified and introduced in evidence. There is no proof whatever the cow and calf were not stolen. Proof of the corpus delicti is without contradiction.

Appellant says his motion for a peremptory should have been granted. In addition to what has just been said it might be added that Ezra McSwain testified that appellant promised to pay him ten dollars to assist in seizing and taking away these animals. Leon McSwain said Ezra sought his assistance and promised to pay him half of that amount. Both said the cattle were taken from the possession of the owner at night and driven away at the direction of appellant. They tied the mother cow in the woods with the purpose of coming for the animals the next day. There they remained until the next day. It is shown that Ezra and defendant were in the act of returning to that spot in the truck of appellant for the purpose of placing the cattle in appellant's truck and taking them some other place, when Ezra and appellant came into contact with the officers and were arrested. A number of other circumstances are shown connecting appellant with this crime, but we deem it unnecessary to set them out. Defendant offered no testimony. It would have been strange indeed had the jury not found defendant guilty.

 The trial judge granted the state this instruction: "The court charges the jury for the state that you do not have to know that the defendant is guilty before you can convict him. It is only necessary that you should believe from the evidence, beyond a reasonable doubt, that he is guilty, and if you do so believe from all of the evidence, beyond a reasonable doubt, that the defendant is guilty,

then it is your sworn duty to so find." The principal objection to this instruction appears in this language of appellant's brief: "The instruction says that the proof in this case is sufficient, *if it proves beyond a reasonable doubt the guilt of the defendant.* This is true in the face of the fact that the whole case is based upon circumstances. This case, because it is based on circumstantial evidence, requires proof beyond a reasonable doubt *and to the exclusion of every other reasonable* (hypothesis) than that of guilt." The underscoring is that of appellant. This instruction has been given and approved many times in cases not based entirely on circumstantial evidence. The underlying fault in the argument of appellant is the assumption that this is purely a case of circumstantial evidence. As shown above the personal, conscious participation of appellant in this crime was shown by positive, direct testimony. Indeed, the proof shows, without contradiction, that he was the personal instigator and main active participant in the crime.

The State was granted this instruction: "The court instructs the jury that the possession of property recently stolen is a circumstance which may be considered by the jury and from which, in the absence of a reasonable explanation, the jury may infer guilt of larceny." It is argued there is no proof the property was stolen. The proof not only shows the property was stolen but that appellant was in possession of it immediately thereafter. Appellant cites Wade v. State, 175 Miss. 434, 167 So. 617. In that case Wade was convicted of stealing two mules. However, there was no proof of any conspiracy or concerted action between Wade and the person who actually took the property, and the state wholly failed to show that Wade, at any time or in any manner, ever had possession of the stolen property. The case at bar is entirely different from that case.

The court granted the State this instruction: "The Court instructs the jury for the State that one who

feloniously aids, assists and encourages a commission of a crime is a principal and not an accessory, and his guilt in no wise depends upon the guilt or innocence. The conviction or acquittal of any other alleged participant in the crime.'' Section 1995, Code 1942, provided "Every person who shall be an accessory to any felony, before the fact, shall be deemed and considered a principal, and shall be indicted and punished as such; and this whether the principal have been previously convicted or not.'' In Dean v. State, 85 Miss. 40, 37 So. 501, this Court said "Both at common law and by statute, appellant was a principal, and his guilt in no wise depends upon the conviction or acquittal of any other participant in the commission of the crime. If appellant aided, assisted, and encouraged in the murder, he was guilty as charged, whether his confederate was Campbell or any other person. . .'' Appellant says that granting the instruction was erroneous because, under the proof in the case at bar, there is no question of principal and accessory. That, strictly speaking, is correct, yet the proof does show that appellant initiated the criminal acts by offering to pay Ezra McSwain ten dollars to aid him in taking and carrying away the cattle, and Ezra did testify that Bucklew told him he had bought and was the owner of the cattle. That statement stands uncontradicted, so that it might be possible a jury would believe that Ezra and Leon Mc-Swain were innocent of criminal, or wrongful, intent and participated as innocent victims. Therefore, it is true that the guilt or innocence of Bucklew depended in no manner upon the guilt or innocence of the McSwains. We cannot see how the instruction misled the jury. And in passing upon the foregoing instructions we have in mind that appellant obtained a number of instructions setting forth the law most favorably to himself.

Affirmed.

*Hall, Lee, Kyle* and *Holmes, JJ.,* concur.