MASON v. UNITED GAS CORPORATION.

No. 39364 November 22, 1954 75 So. 2d 736

*Thomas J. Wiltz*, Biloxi, for appellant.

*Wallace & Greaves,* Gulfport, for appellee.

Holmes, J.

The appellant, Mrs. Minnie W. Mason, sued the appellee, the United Gas Corporation, in the Circuit Court of Jackson County for damages for personal injuries alleged to have been sustained as the result of stepping in a hole or depression in an alleged public walkway in Ocean Springs, Mississippi, in which walkway, the appellee had theretofore laid its gas main.

It was charged generally in the declaration that on April 1, 1947, the appellee procured from the City of Ocean Springs a franchise authorizing it to construct, lay, maintain, replace, and repair its pipes and lines in, under, and along public streets, sidewalks, public properties and other public places in the City of Ocean Springs. The franchise, particularly Section 3 thereof, which was exhibited to the declaration, provided that the appellee should so construct and maintain its said lines and pipes "as not to interfere unreasonably with the traffic over the public thoroughfares of said city," and further provided that in laying or repairing its gas mains, the appellee should repair and restore, without cost to the city and within a reasonable length of time, the streets, public ways, etc., "to a condition as nearly as practicable as that which existed prior to the laying or repairing of the gas mains and pipes."

The declaration was in two counts. The first count was predicated upon negligence in that it was alleged that the appellee had laid its gas main in the west shoulder of Jackson Avenue, a paved street, which shoulder was used generally by the public as a walkway or sidewalk, and that the appellee had negligently failed to restore said walkway to a condition as nearly as practicable as that which existed prior to the laying of the gas main, and that as a direct and proximate result thereof, the appellant, while using a portion of said walkway in front of her property, stepped into a hole or depression and was caused to fall, resulting in a painful injury to her right ankle which incapacitated her for sometime, resulting in loss of wages amounting to $301.00, and a doctor's bill amounting to $25.00, and damages for her injury, pain and suffering, etc., in the amount of $2,500.00. She demanded damages in the first count in the total sum of $2,826.00.

The second count of the declaration was predicated upon the charge that the appellee, in making the excavation in the walkway for the laying of its main, and in

failing to restore the premises to a condition as nearly as practicable as that which existed prior thereto, and in failing to maintain the walkway in which it had laid its main in a condition reasonably safe for use by persons using the same in the exercise of ordinary care, had created a public nuisance, and, without regard to negligence vel non, it had rendered itself liable to the appellant for damages for her resulting injuries, demanded in the sum of $2,500.00.

At the conclusion of the introduction of evidence, both the appellant and the appellee requested peremptory instructions, which requests were refused by the trial court. The submission of the case to the jury resulted in a verdict for the appellee and judgment was entered accordingly. From this judgment, the appellant prosecutes this appeal.

 The appellant has assigned a number of grounds for the reversal of the judgment of the court below, including complaints with respect to the ruling of the trial court on requested instructions and the admissibility of evidence. We have carefully considered the assignments presented by the appellant and are of the opinion that none of them possess merit with the exception of the assignment that the trial court erred in refusing the appellant's request for the following instruction:

"The court instructs the jury for the plaintiff that in all actions brought for recovery of damages for personal injuries, the fact that the person injured may have been guilty of contributory negligence shall not bar a recovery."

This instruction was proper and should have been granted. Illinois Central Railroad Co., et al, v. Archer, 113 Miss. 158, 74 So. 135; Alexander's Mississippi Jury Instructions, Sec. 3499. A notation by the trial judge on the refused instruction indicates that he refused it upon the ground that it contained no direction for diminishing damages in accordance with the provision of

318

Sec. 1454 of the Mississippi Code of 1942. The requested instruction, however, did not preclude the jury from diminishing damages in accordance with the statute, and the appellant was not required to incorporate in the requested instruction a direction for the diminishment of damages in accordance with the provisions of the statute. If the appellee had desired to avail itself of the statutory right to have the damages diminished in proportion to the negligence, if any, of the appellant, it was its duty to request the court to so instruct the jury. Morrell Packing Company, et al v. Branning, 155 Miss. 376, 124 So. 356. The refusal of the instruction was clearly prejudicial to the appellant, particularly in view of the instruction granted to the appellee as to the effect of the negligence, if any, of the appellant.

The refusal of this instruction, in our opinion, constitutes reversible error. It follows, therefore, that the judgment of the court below must be, and it is, reversed and the cause remanded.

Reversed and remanded.

*McGehee, C. J.,* and *Hall, Lee* and *Ethridge, JJ.,* concur.