WHITE, et al. *v.* CHICAGO So. TRANSPORTATION Co., et al.

No. 39841          December 19, 1955          84 So. 2d 161

*Helen McDade,* DeKalb; *Nate S. Williamson,* Meridian, for appellants.

*Snow & Covington,* Meridian, for appellees.

Lee, J.

Jack White and others, the next of kin and heirs at law of Willie C. White, deceased, sued Chicago Southern Transportation Company, a Corporation, and its driver, Gilbert Brown, to recover damages for the death of the deceased. The jury found a verdict for the defendants, and the plaintiffs appealed.

The death resulted from a collision, on November 24, 1952, between a northbound truck, driven by Brown, and an eastbound pickup truck, in which Willie C. White, 13 years of age, was riding, and which was driven by his father, Jack White. The collision occurred in the Town of Scooba, in the intersection of Highway No. 45, which runs north and south, and Highway No. 16, which runs east and west.

Contact occurred between the saddle tank, behind the cab on the left side of the transport truck, and the front part of the pickup truck.

For the plaintiffs, Jack White testified that he stopped before entering the intersection, and, after looking both ways and seeing no vehicle on Highway 45, he started across the intersection; that suddenly he saw the northbound truck just a few feet away, approaching at a speed of 55 to 60 miles an hour; and that he stopped his truck about two feet west of the center line of Highway 45; but that the driver of the approaching truck "pulled his cab" to the right, and the saddle tank struck the front part of his truck. Lamar Martin, who claimed that he was on the dirt road between the two highways, gave corroboration as to White's stopping, the speed of the northbound truck, and that the pickup truck had stopped and was hit by the large truck.

For the defendants, Gilbert Brown testified that he approached the intersection in his right lane of the road at a speed of about 25 miles an hour; that he pulled his truck neither to the right nor to the left; and that the pickup truck entered the intersection and ran into the side of his truck about the saddle tank. G. C. Lockley, driving a school bus, testified that he stopped to the right of the pickup; that he saw the approaching truck and was waiting for it to pass; and that White started across the intersection and did not stop his truck until it hit the large truck. G. W. Crawley, following the pickup truck, testified that he stopped behind it with a school bus on its right; that he saw the northbound truck as it was approaching; and that the pickup truck started up and entered the intersection, and the vehicles collided.

Grace Briggs, a constable, testified that a few minutes after the collision, he asked Jack White what happened, and that his reply was, "I don't know, Mr. Grace * * * I didn't see this truck until I done hit it * * * that is all I know." Lee Lockley, a justice of the peace, testified that when Charles Staton, a patrolman, asked White what happened he replied, "White folks to tell you the truth, I don't know, * * * all I knew when I looked it was just bang * * * that is all I know about that." Clifton McDonald asked White what happened, and he replied, "I don't know sir, boss. I don't know what happened. I just didn't see it. It was on me before I knew it." Charles Staton asked White about the Collision, and he replied that he did not know what happened; that he pulled up there and stopped, and when the school bus started to ease off, he just let out on the clutch and started on across, and he did not see it until it hit.

▋▋ The two versions in the evidence presented an issue to the jury to determine as to whether the large truck negligently struck the pickup, or whether the pickup negligently entered the intersection and simply ran into the large truck. Consequently, the plaintiffs' re-

quested peremptory to the jury to find for them was properly refused.

■■■ The appellants assign and argue that the court erred in refusing an instruction to the effect that, if the jury found that both the defendants and Jack White were guilty of negligence, which proximately caused or contributed to the death of Willie C. White, it should find a verdict for the plaintiffs. The instruction did not in accordance with Section 1454, Code of 1942, inform the jury that they should diminish the amount of the damages in proportion to the amount of negligence, if any, attributable to Jack White. Such qualification however is not necessary. Morrell Packing Co. v. Branning, 155 Miss. 376, 124 So. 356. See also Gilliam v. Sykes, (Miss.) 61 So. 2d 672; Mason v. United Gas Corporation, (Miss.) 75 So. 2d 736. But the plaintiffs obtained four instructions, in each of which the jury was instructed that, if they found from a preponderance of the evidence that the defendants were guilty of negligence, as defined in the instructions, and that such negligence proximately caused or contributed to the death of Willie C. White, then they would find for the plaintiffs, and this would be true "whether you do or do not believe that Jack White was then and there guilty of contributory negligence." Thus the plaintiffs had the benefit of the principle of contributory negligence, and the refusal of the instruction did not constitute reversible error.

■■■ Appellants also complain of the court's refusal of an instruction which attempted to define proximate cause, and which, as an abstract proposition, appears to be correct. However, the given instructions for the plaintiffs dealt with the alleged negligence of the defendants in all concrete instances. The jury was told that if it believed from the preponderance of the evidence that the defendants were guilty, for instance, of

operating their truck at a greater rate of speed than was reasonable and proper under the existing conditions, and that such excessive speed proximately caused or contributed to the collision, and the consequent death, then it would find for the plaintiffs. Every alleged act of negligence, upon which the plaintiff relied, was, in that manner, adequately submitted to the jury. Consequently the denial of the abstract principle did not constitute reversible error.

■■ Appellants also complain of the instruction commonly known as *falsus in uno, falsus in omnibus*, which was granted at the instance of the defendants. This was error. Crawford v. State, (Miss.) 54 So. 2d 230, and cases there cited; Wheeler v. State, (Miss.) 63 So. 2d 517; Bucklew v. State, (Miss.) 67 So. 2d 881. But in this case the error was not sufficient to require a reversal of the case.

■■ The defendants were given an instruction which informed the jury in effect that it was the duty of the driver of the pickup truck "to keep a vigilant lookout ahead * * * to keep the pickup truck under constant control * * * to anticipate and expect the presence of other vehicles at the intersection; * * * *that failure in any of the duties set forth,* and that such failure was the sole proximate cause of the accident and injuries complained of, then it will be your duty to find for the defendant." The appellants complain of this instruction because of the phrase which has been underscored. The expression is incomplete; but in view of the language immediately following, it is obvious that it was intended to say that if there was failure in any of the duties set forth. This error was harmless in view of the elaborate presentation of the governing principles in all of the other instructions.

Other assigned errors are insufficient to require a response. ■■ The verdict was not against the great

weight of the evidence. No reversible error appears in the record; and the cause must therefore be affirmed.

Affirmed.

*Roberds,* P.J., and *Holmes, Arrington* and *Ethridge,* JJ., concur.