# Third District Court of Appeal

**State of Florida**

Opinion filed May 10, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-890
Lower Tribunal No. 91-37881
_____

**Antonio Doll,**
Petitioner,

vs.

**The State of Florida, et al.,**
Respondents.


A Case of Original Jurisdiction – Habeas Corpus.

Antonio Doll, in proper person.

Pamela Jo Bondi, Attorney General, for respondents.


Before LOGUE, SCALES and LUCK, JJ.

SCALES, J.

Antonio Doll petitions this Court for a writ of habeas corpus, claiming that

he is entitled to immediate release from prison because he was improperly

designated a habitual violent felony offender and that his sentences are otherwise illegal. For the reasons stated below, we deny Doll's instant petition for a writ of habeas corpus and order Doll to show cause why this Court should not prohibit him from making further pro se filings to this Court in circuit court case number 91-37881.

In November 1992, the jury found Doll guilty of burglary of a structure with a firearm and aggravated assault. At the sentencing hearing held in December 1992, the trial court designated Doll a habitual violent felony offender, sentencing him to thirty years in prison with a fifteen year minimum mandatory on the burglary conviction, and to ten years in prison with a three year minimum mandatory on the aggravated assault conviction. The court ordered the ten years to run consecutive to the thirty years, and the minimum mandatories to run concurrently.[1]

This Court affirmed Doll's convictions and sentences on direct appeal. See Doll v. State, 626 So. 2d 221 (Fla. 3d DCA 1993) (table). Since that time, Doll has filed in this court at least thirteen postconviction appeals or petitions.[2]

---

[1]At the sentencing hearing, Doll also pled guilty to possession of a firearm by a convicted felon, receiving credit for time served.

[2] Doll v. State, 207 So. 3d 238 (Fla. 3d DCA 2015) (denying petition for writ of habeas corpus) (table); Doll v. State, 147 So. 3d 1001 (Fla. 3d DCA 2014) (denying petition for writ of habeas corpus) (table); Doll v. State, 107 So. 3d 418 (Fla. 3d DCA 2013) (denying rule 3.800 postconviction motion) (table); Doll v. State, 106 So. 3d 944 (Fla. 3d DCA 2013) (denying petition for writ of certiorari)

The instant petition argues that Doll's underlying sentences are illegal because the trial court's written order imposing the sentences does not comport with its oral pronouncements at the sentencing hearing. This court recently denied this very claim in appellate case number 3D15-2515. See Doll v. State, 207 So. 3d 238 (Fla. 3d DCA 2015) (table). Doll also claims that he was improperly designated a habitual violent felony offender. This court rejected this very claim in appellate case number 3D04-1854. See Doll v. State, 917 So. 2d 881 (Fla. 3d DCA 2005). We deny the instant petition.

## *ORDER TO SHOW CAUSE*

Doll is hereby directed to show cause, within forty-five days from the date of this opinion, why he should not be prohibited from filing any further pro se appeals, petitions, motions or other proceedings related to his criminal sentencing in circuit court case number 91-37881.

---

(table); Doll v. State, 76 So. 3d 301 (Fla. 3d DCA 2011) (denying petition writ of habeas corpus) (table); Doll v. State, 75 So. 2d 736 (Fla. 3d DCA 2011) (denying petition for writ of habeas corpus) (table); Doll v. State, 60 So. 3d 401 (Fla. 3d DCA 2011) (denying rule 3.800 postconviction motion) (table); Doll v. State, 38 So. 3d 148 (Fla. 3d DCA 2010) (denying rule 3.850 postconviction motion) (table); Doll v. State, 11 So. 3d 956 (Fla. 3d DCA 2009) (denying rule 3.850 postconviction motion) (table); Doll v. State, 965 So. 2d 137 (Fla. 3d DCA 2007) (denying rule 3.800 postconviction motion) (table); Doll v. State, 917 So. 2d 881 (Fla. 3d DCA 2005) (denying rule 3.800 postconviction motion); Doll v. State, 700 So. 2d 696 (Fla. 3d DCA 1997) (denying rule 3.850 postconviction motion) (table); Doll v. State, 654 So. 2d 928 (Fla. 3d DCA 1995) (denying rule 3.850 postconviction motion) (table).

If Doll does not demonstrate good cause, any such further and unauthorized filings by Doll will subject him to appropriate sanctions, including the issuance of written findings forwarded to the Florida Department of Corrections for its consideration of disciplinary action, including forfeiture of gain time. See § 944.279(1), Fla. Stat. (2017).

Petition denied. Order to show cause issued.